James J. CANTON, Robert Reeves and
L. B. Johnson, Appellants,

v.

ANGELINA CASUALTY COMPANY,
Appellee.

No. 18221.

United States Court of Appeals
Fifth Circuit.

June 8, 1960.

Floyd W. Addington, Joe H. Tonahill, Jasper, Tex., for appellants.

Howell Cobb, Beaumont, Tex., for appellee.

Before HUTCHESON, BROWN and WISDOM, Circuit Judges.

WISDOM, Circuit Judge.

The plaintiffs, citizens of Texas, brought suit in the United States District Court for the Eastern District of Texas to recover benefits under the Texas Workmen's Compensation Law, Vernon's Ann.Civ.St. art. 8306 et seq. Each plaintiff claimed an amount in excess of $10,000 and alleged diversity of citizenship as the basis for jurisdiction. The defendant in each case is the Angelina Casualty Company, a Delaware corporation. The district judge found that the defendant had its principal place of business in Texas and dismissed the action for lack of jurisdiction. We affirm.

The 1958 Amendment, 72 Stat. 415, amending 28 U.S.C.A. § 1332, provides, in part:

"(c) For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

■ Appellants argue that under this language there is diversity of citizenship since appellants are citizens of Texas and appellee is a citizen of Delaware, the state of its incorporation. Such an interpretation is contrary to the plain meaning of the statute and would frustrate the purpose of the statute. The Act does not give an option to a plaintiff of treating a corporation as a citizen either of the state of incorporation or of the state where its principal place of business is located. The Act treats a corporation as a citizen of the state where it has its principal place of business as well as the state of incorporation. This is clearly indicated by the use of the conjunctive "and". The purpose of the law was to narrow jurisdiction, not to broaden it.[1]

■ The provision that "a corporation shall be deemed a citizen of any State by which it has been incorporated" is a statutory expression of the doctrine developed in decisions. St. Louis & Sante Fe Railway Co. v. James, 1896, 161 U.S. 545, 16 S.Ct. 621, 40 L.Ed. 802; Jacobson v. New York, N. H. & H. R. R. Co., 1954, 347 U.S. 909, 74 S.Ct. 474, 98 L.Ed. 1067. The purpose of the provision treating a corporation as a citizen of the state in which it has its principal place of business "is to eliminate the unfair practice of allowing an essentially local corporation to invoke diversity jurisdiction simply because it is chartered in a foreign state".[2] Thus, the Senate Report on the bill enacted into law as an amendment to 28 U.S.C.A. § 1332 states:[3]

"This fiction of stamping a corporation a citizen of the State of its incorporation has given rise to the evil whereby a local institution, engaged in a local business and in many cases locally owned, is enabled to bring its litigation into the Federal courts simply because it has obtained a corporate charter from another State. * * * This circumstance can hardly be considered fair because it gives the privilege of a choice of courts to a local corporation simply because it has a charter from another State, an advantage which another local corporation that obtained its charter in the home State does not have. * * * Whatever the effectiveness of this rule, it was never intended to extend to local corporations which, because of a legal fiction, are considered citizens of another State. * * * It appears neither fair nor proper for such a corporation to avoid trial in the State where it has its principal place of business by resorting to a legal device not available to the individual citizen. * * *"

■ The statute prevents a corporation, essentially local, from taking advantage of being chartered in a foreign state. At the same time it also prevents local residents from taking advantage of the fact that a company has a foreign charter. Here, Texans are asserting a claim against a Texas company under the Texas Workmen's Compensation Law and are in the position of urging that they should be in federal court because Texas courts will not give them a fair shake. This is no case for federal courts.

Affirmed.

1. Senate Report No. 1830, 85 Cong., 2nd Sess. 11 (1958); U.S.Code Congressional and Administrative News, 85 Cong. 2nd Sess., 1958, p. 3099.

2. Taggart, Federal Jurisdiction: 1958 Statutory Amendment Limiting Jurisdiction of Federal District Courts in Civil Actions, 33 Tul.L.Rev. 167 (1958).

3. See footnote 1.