Elizabeth Anna EGAN and John H. Seiter, as Administrators of the Estate of Eileen M. Seiter, Plaintiffs-Appellants,

v.

AMERICAN AIRLINES, INC., Defendant-Appellee.

No. 77, Docket 27985.

United States Court of Appeals Second Circuit.

Argued Oct. 21, 1963.

Decided Oct. 21, 1963.

Burton S. Cooper, New York City (Leonard Lerner and Shatzkin & Cooper, New York City, on the brief), for plaintiffs-appellants.

Robert F. Ewald, New York City (P. G. Pennoyer, Jr., Peter J. Magee and Bigham, Englar, Jones & Houston, New York City, on the brief), for defendant-appellee.

Before LUMBARD, Chief Judge, and MEDINA and FRIENDLY, Circuit Judges.

MEDINA, Circuit Judge.

We affirm in open court. The asserted basis of jurisdiction is diversity of citizenship. Judge Rayfiel held that defendant American Airlines, Inc., while incorporated in Delaware, had its principal place of business in New York and dismissed the action for lack of jurisdiction, applying 28 U.S.C. § 1332(c). In concluding that New York was the state where American Airlines, Inc. had its principal place of business, Judge Rayfiel correctly analyzed the facts of this particular case. He found that American's "general over-all management and

business policy is prescribed in and directed from New York" where it also conducts a substantial operation; and the record shows that in other states where its physical volume of operation was larger (due in some part to their greater area), American maintained, for the most part, only officers concerned with the activities conducted there. There is no conflict between Judge Rayfiel's decision and Judge Weinfeld's in Scot Typewriter Co. v. Underwood Corp., D.C.S.D.N.Y., 1959, 170 F.Supp. 862, on the one hand, and the Third Circuit case of Kelly v. United States Steel Corporation, 3 Cir., 1960, 284 F.2d 850, on the other; in that case over-all management control was split between New York and Pennsylvania and the court found a predominance of activity in the latter state.

Since appellants have not been able to point to any single state which should be more properly regarded as American's principal place of business, the fact that New York activities are a modest fraction of the total proves nothing. The argument of appellants that jurisdiction should be sustained because "the vast majority of key activities and situs of operations of the * * * airline were performed and located outside of the State of New York" is untenable for the reason that it would lead to a ruling that American Airlines, Inc., or any other corporation which does not conduct the majority of its activities in a single state, has no principal place of business in any state—a result clearly not contemplated by the Congress. See legislative history of 28 U.S.C., Section 1332(c), United States Code Congressional and Administrative News, 85th Congress, Second Session, 1958, Vol. 2 at pp. 3101–3102. Such a fragmentation, followed by a comparison of "the key activities and situs of operations" in one state with the aggregate of the "key activities and situs of operations" in all other states, would emasculate the statute and defeat the underlying legislative intent. The statute was designed to prevent assertion, for purposes of diversity jurisdiction, that a corporation is a citizen exclusively of the state in which (perhaps as its sole connection) it obtained its corporate charter, and that it is not a citizen of the state in which it conducts its principal business activities. Furthermore, the act was intended to reduce substantially the caseload of the federal District Courts based upon diversity.

Affirmed.