**Theodore CAFFERY, Plaintiff-Appellant,**

v.

**NEW YORK CENTRAL RAILROAD CO.,**
Inc., Defendant-Respondent.

No. 122, Docket 27833.

United States Court of Appeals
Second Circuit.

Argued Oct. 31, 1963.

Decided Nov. 21, 1963.

Fred R. Scharf, Buffalo, N. Y., for appellant. James C. Heaney, Buffalo, N. Y., of counsel.

Vaughan, Brown, Kelly, Turner & Symons, Buffalo, N. Y., for appellee. John E. Leach, Buffalo, N. Y., of counsel.

Before SWAN, CLARK and MARSHALL, Circuit Judges.

PER CURIAM.

Federal jurisdiction is based on diversity, plaintiff being a citizen of New York and defendant being incorporated in the State of Delaware. Title 28 U.S.C. § 1332(c) provides:

"(c) For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

This section was considered in Egan et al. v. American Airlines, 2 Cir., 324 F.2d 565. Regardless of the test to be applied to determine New York Central's principal place of business under 28 U.S.C. § 1332(c), it would seem to be New York State. See 1 Moore's Federal Practice, 1962 Supp. 641–44, Note 34. We think we may take judicial notice of such well-known facts without sending the case back for findings on this issue by the District Court. Although the parties did not question federal jurisdiction, this is a matter we must consider *sua sponte*. Accordingly the case is dismissed for want of jurisdiction in the court below.