Maude E. MARTIN, Administratrix of the
Estate of Daniel W. Martin, deceased,
Plaintiff,

v.

WINN–DIXIE STORES, a corporation,
Defendant.

Civ. A. No. 4533.

United States District Court
W. D. South Carolina,
Greenville Division.

June 16, 1965.

Herman E. Cox, McDonald & Cox,
Greenville, S. C., for plaintiff.

W. H. Arnold, Clifford F. Gaddy, Jr.,
Love, Thornton, Arnold & Thomason,
Greenville, S. C., for defendant.

SIMONS, District Judge.

This action was originally brought in the Court of Common Pleas, Greenville County, South Carolina, summons and complaint being served on the defendant on January 30, 1964. Upon motion of the defendant the case was removed to the United States District Court for the Western District of South Carolina, Greenville Division, pursuant to Title 28, § 1332 [a],[1] on grounds that said controversy exceeds the amount of $10,000.-00 and is one wholly between citizens and residents of different states, defendant being a Florida Corporation and plaintiff-administratrix being appointed by the Probate Judge for Greenville County, South Carolina, she being a resident of the State of South Carolina.

Plaintiff originally brought an action for wrongful death of her father against defendant Winn-Dixie Stores, a corporation. The case was set for trial during the term of court held in Greenville, South Carolina, the week of June 14, 1965. Prior to call of the case, counsel for plaintiff and defendant Winn-Dixie Stores, Inc., stipulated that the correct designation of the defendant corporation is Winn-Dixie Greenville, Inc. Plaintiff thereafter made motion to remand the case to Court of Common Pleas for Greenville County pursuant to Title 28, § 1332 [c][2] on grounds of lack of diversity be-

1. 28 U.S.C. § 1332 [a] provides in part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—[1] citizens of different States."

2. 28 U.S.C. § 1332 [c] provides: "For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business: Provided further, That in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is

tween the parties in that plaintiff is a South Carolina citizen and resident and defendant has its principal place of business in South Carolina, and is therefore deemed to be a citizen of South Carolina.

The question before the court is whether the defendant company has its principal place of business in South Carolina.

 This same question was before me in the Eastern District of South Carolina, Columbia Division, in the cases Huggins v. Winn-Dixie Greenville, Inc., (Ballard v. Winn-Dixie Greenville, Inc., and Rhodes v. Winn-Dixie Greenville, Inc.,) 233 F.Supp. 667 [D.C.1964]. These actions were brought in the federal court and defendant corporation moved to dismiss for lack of diversity between the parties on grounds that plaintiffs were residents and citizens of South Carolina and defendant was deemed to be a citizen of South Carolina by reason that its principal place of business is South Carolina, pursuant to 28 U.S.C. § 1332 [c].

I made a finding in those cases, for reasons stated therein, that the principal place of business of Winn-Dixie Greenville, Inc., is South Carolina, and dismissed plaintiffs' causes of action for lack of jurisdiction, there being no diversity of citizenship of the parties. In this case the defendant company alleges that it is a Florida Corporation in order to create the requisite diversity of citizenship to stay in federal court. Certainly the defendant company has no right to assert in one instance that it is a Florida Corporation in order to stay in federal court, and to assert in another instance that it is a resident of South Carolina in order to defeat jurisdiction of the Federal courts. In Canton v. Angelina Casualty Company, 279 F.2d 553 [5th Cir. 1960] the court said:

"The Act [28 U.S.C. 1332 [c]] does not give an option to a plaintiff of treating a defendant corporation as a citizen either of state of incorpor-

ation or of state where its principal place of business is located. The Act treats a corporation as a citizen of the state where it has its principal place of business as well as the state of incorporation. * * * The purpose of the law was to narrow jurisdiction, not to broaden it."

For reasons stated in Huggins, Ballard and Rhodes, supra, I find in this case that defendant Winn-Dixie Greenville, Inc., has its principal place of business in, and is deemed to be a citizen of the State of South Carolina. Therefore, plaintiff and defendant are, under Title 28 U.S.C. 1332 [c], citizens of the same state, and the prerequisite diversity of citizenship between the parties for jurisdiction of this court is lacking.

It is, therefore, ordered that this action be, and it hereby is remanded to the Court of Common Pleas for Greenville County, South Carolina.

It is further ordered that defendant Winn-Dixie Greenville, Inc., pay all costs incurred by plaintiff in this motion.

---

not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the

insurer has been incorporated and of the State where it has its principal place of business."