**John G. FRAZIER, III, and Emily Louise Frazier, Appellants,**

v.

**ALABAMA MOTOR CLUB, INC., et al., Appellees.**

**David R. LOWELL, Administrator, c.t.a., of the Estate of John G. Frazier, Jr., Appellant,**

v.

**ALABAMA MOTOR CLUB, INC., et al., Appellees.**

**No. 21747.**

United States Court of Appeals
Fifth Circuit.

Aug. 9, 1965.

William M. Pate, Atlanta, Ga., Ernest W. Machen, Jr., Charlotte, N. C., Mitchell, Clarke, Pate & Anderson, Atlanta, Ga., Blakeney, Alexander & Machen, Charlotte, N. C., Welden & Underberg, St. Petersburg, Fla., of counsel, for appellants.

Hamilton Lokey, Atlanta, Ga., William D. Becker, Louisville, Ky., for appellees.

Before TUTTLE, Chief Judge, and EDGERTON* and SMITH,** Circuit Judges.

WILLIAM F. SMITH, Circuit Judge:

The plaintiffs in these actions,[1] the Fraziers, individually, and Lowell, as Administrator c. t. a., of the Estate of John G. Frazier, Jr., seek judgments declaratory of their rights under contracts, copies of which are annexed to the respective complaints. The Fraziers are citizens of North Carolina and Lowell is a citizen of Florida. Each defendant is incorporated under the laws of one of the following states: Alabama, Arkansas, Indiana, Kentucky, Louisiana, Mississippi, Tennessee, Texas, or West Virginia. The defendants are admittedly not authorized to do business in Georgia. The jurisdiction of the District Court was invoked on the ground of diversity of citizenship under § 1332(a) and (c) of Title 28 U.S.C.A.

The action came before the court below on motions to dismiss the complaints on the ground, among others, that venue had been improperly laid in the Northern District of Georgia. The defendants argued that they are not "doing business" in the forum district within the meaning of § 1391(c) of Title 28 U.S.C.A., and are therefore not subject to suit or amenable to the service of process therein. The court below decided the issue of venue in favor of the movants and dismissed the complaints. This appeal followed.

The defendants here argue at the outset that the decision of the lower court was based upon findings of fact which may not be set aside "unless clearly erroneous" under rule 52(a) of the Fed. Rules Civ.Proc., 28 U.S.C.A. The argument requires only brief discussion. The findings of fact were based solely on the undisputed testimony contained in the deposition of one T. Chalmer Bryant, the President, Treasurer and chief executive officer of each of the defendants; there was no issue of credibility.

It has been held by this Court that under such circumstances findings of fact are reviewable on appeal and need not be given the weight usually accorded them under the rule. Mayo v. Pioneer Bank & Trust Company, 297 F.2d 392, 395 (5th Cir. 1961) and the cases therein cited. Absent any issue of credibility we are in as good a position as was the trial court to evaluate the testimony, draw the inference of which the testimony is reasonably susceptible, and decide the critical issue raised. The case of Merry Manufacturing Co. v. Burns Tool Company, 335 F.2d 239 (5th Cir. 1964), upon which the defendants rely, is inapposite. Therein the court below was called upon to decide important issues of credibility.

Section 1391(c) provides: "A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes." (Emphasis supplied). Whether a corporation is present and "doing business" within the forum district so as to subject it to suit therein is essentially a question of fact which must be decided under federal law.

---

* Senior Circuit Judge of the D.C. Circuit, sitting by designation.

** Of the Third Circuit, sitting by designation.

1. Consolidated for the purpose of appeal pursuant to stipulation.

There is no exact formula under which the question can be decided. To reach the proper answer, consideration must be given to such relevant factors as the general character of the corporation, the nature and scope of its business operations, the extent of the authorized corporate activities conducted on its behalf within the forum district, the continuity of those activities, and its contacts within the district. See Perkins v. Benguet Mining Co., 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1951); International Shoe Co. v. State of Washington, 326 U.S. 310, 315–320, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and the cases hereinafter cited. A corporation is present within the forum district when its activities there "have not only been continuous and systematic, but also give rise to the liabilities sued on, even though no consent to be sued or authorization of an agent to accept service of process has been given." International Shoe Co. v. Washington, supra.

The defendants, organized under the laws of their respective states as either motor clubs or automobile associations, are commercial enterprises engaged in rendering various services to their enrolled members. They also provide certain types of indemnity coverage underwritten by an independent insurance company. The chief executive officer of each defendant is its President and Treasurer, T. Chalmer Bryant, who maintains an office in Atlanta, from which he manages, supervises and controls the business operations of each of the corporations. The board of directors of each defendant is comprised of only three members, Bryant, his wife, and one William D. Becker, who is also Vice President and General Counsel. The boards meet regularly in the offices of National Enterprises, Inc., also located in Atlanta. The usual corporate records of each defendant, such as minute books, transfer registers, etc., are kept in the same offices.

A majority of the stock of each defendant is owned by National Enterprises, Inc., a Georgia corporation, having its principal and only place of business in Atlanta; the remainder is owned by Bryant, his wife, and Becker. The principal stockholders of National are Bryant, its President and Treasurer, Becker, its Vice President and General Counsel, and Mrs. Bryant. They also comprise the board of directors. The chief executive officer of National is Bryant, who, as hereinabove noted, serves in the same capacity for each of the defendants.

National, through its officers and employees, is engaged exclusively in the management and supervision of the business operations of the defendants. Although described as a "management consultant firm," National serves no other clients. For and on behalf of each of the defendants, the officers and employees of National perform the following functions: establish and enforce business policy; supervise and direct sales activities and public relations; formulate uniform business procedures; process membership applications and renewals; approve and issue membership credentials; execute all contracts; purchase and furnish office supplies; handle disputed insurance claims; keep and maintain books of account and other records; prepare and issue periodic financial statements; prepare tax returns; furnish travel information to members upon request; and, maintain all membership records. These activities are continuous and systematic and cannot be regarded as merely negligible. The fact that these activities are performed pursuant to contract with each of the defendants is of minor significance. Moore-McCormack Lines, Inc. v. Bunge Corporation, 307 F.2d 910 (4th Cir. 1962). In the execution of the contracts Bryant acted on behalf of National and each of the defendants.

Each of the defendants maintains an office in the state of its incorporation; the Tennessee State Automobile Association maintains three branches in addition

to its main office. These offices are operated under standard procedures developed by Bryant and supplemented from time to time by National. Each office is in charge of a local manager who supervises the solicitation of memberships, the collection of dues, the initial processing of applications, the forwarding of such applications to National, and the handling of undisputed insurance claims. Memberships are solicited by independent contractors who are paid on a commission basis. There are no memberships solicited by any of the defendants within the territorial limits of Georgia. The local managers are vested with limited authority and discharge none of the functions customarily assigned to corporate officers.

When the evidence is viewed in its entirety, as it must be, it is apparent that the corporate and business activities of each of the defendants, except the solicitation of memberships, are centered in the offices of National in Atlanta. These business activities are managed, directed and completely controlled by National under the administration of its officers. The defendants are not separate corporate entities but integrated subsidiaries of National. The appearance of corporate autonomy is clearly superficial.

In addition to its other findings the court below found that "the subject matter of this litigation does not involve an alleged liability arising out of activity occurring within the state of the forum." This finding is contrary to the evidence in the record. It appears therefrom that the contracts involved in this litigation were consummated by execution and delivery in the offices of National. In fact, nine of the contracts bear the caption "STATE OF GEORGIA, COUNTY OF FULTON." If these contracts were breached, as alleged, the liabilities arose in Atlanta, where the breach presumably occurred.

This factor is not necessarily determinative of the venue issue but it is relevant and material in the circumstances of this case. International Shoe Co. v. Washington, supra, 326 U.S. 317, 66 S.Ct. 154.

The evidence in this case unmistakably indicates that the defendants are present and "doing business" in the forum district and are therefore subject to suit therein. Moore-McCormack Lines, Inc. v. Bunge, supra; Curtis Publishing Company v. Cassel, 302 F.2d 132 (10th Cir. 1962); see also Perkins v. Benguet Mining Co., supra. The evidence similarly points to the conclusion that the principal place of business of each of the defendants is in the forum district. Egan v. American Airlines, Inc., 324 F.2d 565 (2nd Cir. 1963); Kelly v. United States Steel Corporation, 284 F.2d 850 (3rd Cir. 1960). It cannot be successfully argued that a corporate defendant is not "doing business" in the district in which it maintains its principal place of business. Moore's Federal Practice, Vol. I, ¶ 0.142[5.-3], p. 1497.

The court below expressed the opinion "that the orderly and effective administration of justice did not require that these defendants submit to these suits here." We disagree. The district court for the Northern District of Georgia is not only the most convenient but the most desirable forum. It is the only forum in which the defendants can be joined in a single action, thus avoiding a multiplicity of suits. The books of account and other records upon which the plaintiffs must rely in support of their claims for an accounting are located in the offices of National within the judicial district. The trial of the action in the said forum would not violate the fundamental requirements of due process.

The decision of the court below is reversed and the actions are remanded with the direction that they be reinstated.