**EFFICIENT LEASING CORP., Plaintiff,**
v.
**Stuart R. TAUBER, Defendant.**

**69 Civ. 1574.**

United States District Court
S. D. New York.

May 19, 1969.

Hallisey, Goldberg & Hammer, New York City, for plaintiff, Jay Goldberg, New York City, of counsel.

Weiss, Wiener, Levine & Swiedler, New York City, for defendant, Robert Levine, New York City, of counsel.

OPINION

POLLACK, District Judge.

The plaintiff moves to remand this suit to the New York State Supreme Court on the ground that there is no diversity of citizenship between the parties.

The plaintiff is a public corporation organized under the laws of the State of New York and, in its articles of incorporation, the plaintiff designated New York County as its principal place of business and its office. The defendant is an individual residing in and a citizen of the State of New Jersey.

The plaintiff commenced suit against the defendant in the New York State Supreme Court by attachment of defendant's property located in New York pursuant to CPLR 6201(1), (5), (7). The complaint in the action states that the plaintiff was and still is a New York corporation and that the defendant is a resident of the State of New Jersey. The summons annexed to the complaint recites that the plaintiff resides at New York, New York and that this is the basis of the venue in New York County as well as the place of trial designated by plaintiff. No mention is made in the complaint as to where the plaintiff's principal place of business is located in fact at this time. There was no reason to make any allegation thereof, either way, in the state court.

The defendant removed the action to this Court on a petition reciting that it is a civil action between citizens of different states in which the matter in controversy exceeds $10,000, exclusive of interest and costs. The plaintiff questions the allegation of diverse citizenship on the ground that it is a citizen of both New Jersey and New York.

The plaintiff has furnished proof that:

It is engaged in the business of leasing electronic and electro-mechanical business machines and data processing equipment as well as industrial production machinery throughout the United States. Over a year ago, it moved its executive and home office from New York to Fort Lee, New Jersey where it now keeps its books and records and the corporate seal and where 20 of its 36 employees are located. The remainder of its employees are located in principal cities on the east and west coasts. None of its employees is stationed in New York and it is not listed in the New York telephone directory. Every one of plaintiff's corporate officers is located exclusively at the Fort Lee office; it pays income tax only to the State of New Jersey (but it pays a franchise tax to New York); and its equipment and operating assets are located in the New Jersey office. The bulk of the plaintiff's funds are nonetheless kept in a New York bank.

■ For purposes of original and removal jurisdiction on the basis of diversity, a corporation is a citizen of the state wherein it is incorporated as well as a citizen of the state where it has its principal place of business.[1] Removal of an action from a state court to a federal court is keyed to the criteria applicable to original jurisdiction.[2]

The defendant in opposing the motion to remand calls attention to the fact that nowhere in the complaint is there any reference to the fact now claimed that the plaintiff maintains its "principal office" in the State of New Jersey. The defendant also calls attention to the matters stated in the summons annexed to the complaint which are mentioned above and suggests that these make it conclusive as a matter of fact that the defendant is a New York citizen. These criticisms overlook the fact that the complaint was drawn for purposes of a state court action and not as one invoking original federal jurisdiction.

The defendant also points out that in the papers on which the order of attachment was granted by the State Supreme Court there is no reference to the fact that the plaintiff maintains its principal office in New Jersey; and it is suggested that if there had been such a disclosure an order of attachment would not have been issued by the State Court to allow a citizen of New Jersey to file a suit against a resident of New Jersey. How-

1. 28 U.S.C. § 1332 provides that for purposes of diversity jurisdiction (whether original or on removal) "a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business".

2. With an exception not pertinent here, 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant * * *."

ever, the attachment sections of the CPLR do not seem to contain any such restriction.

The defendant's attorney has submitted his affidavit stating "on information and belief" that more than 90% of plaintiff's business is done right here in New York City; that plaintiff's salesmen daily solicit sales in New York, Long Island and Westchester to obtain lease contracts with industry located in the State of New York; that the equipment leased by the plaintiff to these companies remains in New York, so that the physical assets owned by plaintiff are present in New York; and that the bulk of the plaintiff's funds are admittedly maintained in a New York bank. In short, the defendant questions that the plaintiff's principal place of business is at Fort Lee, New Jersey.

In a reply affidavit, the plaintiff's attorney contends that the defendant is a former corporate officer of the plaintiff and "well knows that plaintiff maintains its principal place of business in the State of New Jersey". The affidavit further states that it is not true that 90% of the plaintiff's business is done within New York City and that the solicitation of sales by the plaintiff occurs throughout the United States and is not limited to the City of New York.

The moving affidavit in support of the application to remand is made by the plaintiff's president and clearly shows that the plaintiff conducts a substantial operation in New Jersey and that New Jersey is the nerve center of the business and the place where general overall management of business policy is prescribed and directed. This is not contradicted by any competent proof. There is no opposing affidavit based upon anyone's personal knowledge; the defendant, as a former corporate officer, may be presumed to be in a position to have negated any of the significant factual contentions concerning plaintiff's principal place of business, if indeed there were any to be disputed. In these circumstances, the plaintiff has sus-

tained its burden of proof on this motion that its principal place of business is in a state where the defendant is also a citizen. Egan v. American Airlines, Inc., 324 F.2d 565 (2d Cir.1963); Scot Typewriter Co. v. Underwood Corp., 170 F.Supp. 862, 865 (S.D.N.Y.1959).

Accordingly, there is no diversity of citizenship and the federal courts have no jurisdiction. The action is remanded to the Supreme Court of New York, County of New York, where it was commenced.

So ordered.