**Jack BENDER, Plaintiff,**

v.

**HILTON RIVIERA CORPORATION,
Defendant.**

**Civ. No. 508–72.**

United States District Court,
D. Puerto Rico.

July 9, 1973.

---

John F. Malley, San Juan, P. R., for plaintiff.

Juan Carlos Perez Otero, Hato Rey, P. R., for defendant.

## ORDER

TOLEDO, District Judge.

On June 14, 1972, plaintiff Jack Bender, filed in this Court a complaint against defendant, Hilton Riviera Corporation (hereinafter referred to as Hilton), claiming damages for the alleged unilateral termination of plaintiff's contract for services as a Golf Pro with defendant.

Jurisdiction of this Court is alleged under Title 28, United States Code, Section 1332 (diversity of citizenship).[1]

On August 22, 1972, defendant filed a motion to dismiss for want of jurisdiction basically alleging that there is no diversity jurisdiction under Title 28, United States Code, Section 1332(c) since, concededly, plaintiff is a citizen of the Commonwealth of Puerto Rico and defendant has its principal place of business in the Commonwealth of Puerto Rico and therefore, is also a citizen of Puerto Rico under the provisions of the statute. A brief in opposition, as well as a reply brief and counter-reply brief are on file. Affidavits as well as documentary evidence have also been filed.

Plaintiff in the complaint alleges that he is a citizen and resident of the Commonwealth of Puerto Rico, and that defendant Hilton is a corporation organized and existing under the laws of the State of Delaware, thereby being a citizen and resident of Delaware. Plain-

---

1. Plaintiff likewise alleged jurisdiction under Section 863 of Title 48, United States Code. Such jurisdictional assertion is not proper for said statute was repealed on June 2, 1970. See P.L. 91–272, 84 Stat. 298. Congress having repealed the statute, this Court is deprived of power to entertain this cause under said provision.

tiff's citizenship having been uncontested will be considered by this Court as alleged.

The sole issue before this Court is whether in the light of Section 1332, Title 28, United States Code [2], Hilton is a citizen of Puerto Rico.

The documentary evidence before this Court reveals that defendant Hilton is a corporation organized and existing under the laws of the State of Delaware and authorized to do business in the Commonwealth of Puerto Rico. It has been uncontested that defendant's activities and operations have been realized in the Commonwealth of Puerto Rico, where it had its principal place of business at least until June 1971,[3] when it ceased operations in Puerto Rico. It has not been involved in any business operations outside Puerto Rico, nor is it involved in litigation in any other jurisdiction of the United States.

Defendant Hilton at present has property in Puerto Rico valued at approximately $100,000. This property has been attached in, and at present is subject to the results of various claims which have been filed against the Hilton Riviera Corporation in the Courts of the Commonwealth of Puerto Rico.[4]

Thus being the situation, we are called to consider whether under the above stated situation, the activities being performed by defendant Hilton constitute a continuance of its business activity in Puerto Rico in such a way as to consider Puerto Rico, its principal place of business for jurisdictional purposes under the diversity of citizenship provisions.

It is our opinion that Hilton's citizenship for jurisdictional purposes under the diversity of citizenship provisions is that of Puerto Rico, where it has its principal place of business.

The Amendatory Act of 1958 provided that a corporation shall have a dual citizenship, when its principal place of business is in a state different from the one

2. Section 1332 of Title 28, United States Code, in the applicable part reads as follows:

(a) The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—

(1) citizens of different States;

(2) citizens of a State, and foreign states or citizens or subjects thereof; and

(3) citizens of different States and in which foreign states or citizens or subjects thereof are additional parties.

. . . . .

(c) *For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business:* Provided further, that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the state of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

(d) The word "States", as used in this section, includes the Territories, the District of Columbia, and the Commonwealth of Puerto Rico. (emphasis added).

3. Plaintiff granted that defendant had, up to said date, its principal place of business in Puerto Rico in his memorandum in opposition to defendant's motion to dismiss filed in this Court on November 2, 1972.

4. The following appear to be cases filed against defendant in the Courts of the Commonwealth of Puerto Rico: Hector R. Santiago, et als v. Hilton Riviera Corporation, et als, Civil No. 70–998; Jose A. Rosario, et als v. Hilton Riviera Corporation, et als, Civil No. 70–567, before the Superior Court of Puerto Rico, Bayamon Section; Pedro J. Barreto, et als, v. Hilton Riviera Corporation, et als, Civil No. 70–791, before the Superior Court of Puerto Rico, Bayamon Section; Pedro Lopez Rivera, et als, v. Hilton Riviera Corporation, et als, Civil No. 3395, before the Superior Court of Puerto Rico, Bayamon Section; Armando Ortiz Vega v. Hilton Riviera Corporation, et als, Civil No. 70–792, before the Superior Court of Puerto Rico, Bayamon Section; Cutberto Martinez Sanchez, et als v. Hilton Riviera Corporation, et als, Civil No. 71–4608, before the Superior Court of Puerto Rico, Bayamon Section; Jack Bender v. Hilton Riviera Corporation, Civil No. 71–1062, before the Superior Court of Puerto Rico, San Juan Section.

(The total amount claimed against defendant in the above mentioned litigations exceeds $15,000,000).

in which it is incorporated, for both original and removal jurisdiction predicated upon diversity of citizenship. This is made clearly in the Senate Report No. 1830, 85th Congress, 2nd Session, 1958 U.S.Code Congressional and Administrative News, p. 3099.

■ As expressed in Egan v. American Airlines, Inc. (2 Cir. 1963), 324 F. 2d 565, 566, the purpose of the amendment was:

"* * * to prevent assertion, for purposes of diversity jurisdiction, that a corporation is a citizen exclusively of the state in which (perhaps as its sole connection) it obtained its corporate charter, and that it is not a citizen of the state in which it conducts its principal business activities * * *".

■ The Act does not give an option to a plaintiff of treating a corporation as a citizen either of the state of incorporation or of the state where its principal place of business is located. The Act treats a corporation as a citizen of the state where it has its principal place of business as well as the state of incorporation. Canton v. Angelina Casualty Co. (5 Cir. 1960), 279 F.2d 553.

■ The purpose of the law was to narrow the Court's jurisdiction and not to broaden it. Egan v. American Airlines, Inc., supra; Canton v. Angelina Casualty Co., supra.

Thus being the situation, various tests have been developed to determine the principal place of business. These tests have been summarized by Professor Moore in the following way:

"As indicated, the question of what criteria to use in determining a corporation's principal place of business has not been uniformly resolved by the courts. The basic conflict is usually expressed in terms of whether controlling significance should be given to the place from which the corporation's activities are directed or controlled—the nerve-center; or to the location of the actual activities and operations of the corporation. An in-

creasing number of cases, however, have not regarded these tests as mutually exclusive and have given weight to both standards. Still other courts and commentators have suggested new tests emphasizing slightly different criteria, such as the center of day-to-day corporate activity and management, the location of the operational offices, and the state where corporate litigation is most likely to arise." 1 Moore's Federal Practice, Section 0.77 [3-1], page 717.64.

He further states:

"An increasing number of cases are limiting the application of the home office or nerve center test to those corporations 'engaged in far-flung and varied activities which are carried out in different states.' Where, however, the corporation has its physical operations concentrated in one state and its administrative or executive offices in another state, the place of operations is more frequently considered as decisive." 1 Moore's Federal Practice, Vol. 1, Section 0.77 [3.-4], page 717.77.

■ There is no doubt that defendant's corporation had its business operation solely in Puerto Rico, where it had its assets and where its day-to-day activities were performed. It is the business activity which is controlling and not only where the administrative or executive offices may be located. Fellers v. Atchinson, Topeka and Santa Fe Railway Co. (D.C.Kan., 1971), 330 F.Supp. 1334. See also Lurie Company v. Loew's San Francisco Hotel Corp. (D.C.Cal. 1970), 315 F.Supp. 405, for a similar case as the one before this Court.

In Bialac v. Harsh Building Co., 463 F.2d 1185 (1972) cert. den. 409 U.S. 1060, 93 S.Ct. 558, 34 L.Ed.2d 512 (1972), the Court of Appeals for the Ninth Circuit expressed the prevailing rule in the following terms:

"Where a corporation is engaged in only one business activity, substantially all of whose operations occur in one state, even though policy and adminis-

trative decisions are made elsewhere, the state of operations is the corporation's principal place of business."

■ Plaintiff's theory that since defendant Hilton ceased operating his business in June 1971, it ceased all operations and business activities in Puerto Rico, is unconvincing. Defendant Hilton has all its assets and offices in Puerto Rico, it is still under the jurisdiction of the Courts of the Commonwealth of Puerto Rico pending resolution of various claims (see Note 4), and it has not undergone any business activity outside Puerto Rico neither at present nor before June 1971.

As Professor Moore has said:

" . . . Cases interpreting the Act of 1968 ought to be concerned with curtailing diversity of jurisdiction by preventing what is essentially a local corporation, although chartered in another state, from litigating its controversies with local citizens in the federal courts."

"It would seem, therefore, that as a general proposition the principal place of business of a corporation would be in that state on which the corporation most impinges, the state where its greatest impact is felt. Although it is impracticable to select any one factor which will result in this state being chosen as the principal place of business in every case, the following criteria suggested by certain courts and commentators will be helpful. Thus, the state in which a corporation most impinges is likely to be where the bulk of its litigation would usually take place, where the corporation has most of its dealings with its customers and has its greatest contact with the public in general, where it derives its greatest gross income, and where it is considered to be 'at home'." 1 Moore's Federal Practice, Section 0.77 [3.–4], page 717.80–81.

We must agree with defendant Hilton that the place where it most "impinges" is in the Commonwealth of Puerto Rico and that for such a reason, there is no diversity of citizenship as to plaintiff and defendant.

Wherefore, the motion to dismiss filed by defendant Hilton, is granted. The complaint filed by plaintiff is dismissed for want of jurisdiction, without costs.

It is so ordered.