**PALL CORPORATION, Plaintiff,**

**v.**

**BENTLEY LABORATORIES, INC., Defendant.**

Civ. A. No. 81–289.

United States District Court, D. Delaware.

Sept. 30, 1981.

Arthur G. Connolly and Arthur G. Connolly, Jr., of Connolly, Bove & Lodge, Wilmington, Del., C. Frederick Leydig, Mark E. Phelps and Dale Lischer, of Leydig, Voit, Osann, Mayer & Holt, Ltd., Chicago, Ill., of counsel, for plaintiff.

Douglas E. Whitney and Donald F. Parsons, Jr., of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., James W. Geriak, William L. Respess and Robert W. Dickerson, of Lyon & Lyon, Los Angeles, Cal., of counsel, for defendant.

## MEMORANDUM OPINION

LATCHUM, Chief Judge.

Pall Corporation ("Pall"), organized under the laws of New York, brought this patent infringement action on July 1, 1981 against Bentley Laboratories, Inc. ("Bentley"), a Delaware corporation, seeking damages, injunctive relief, costs and attorney fees. The complaint, as amended on August 7, 1981, alleges that Bentley has infringed, and is infringing, four of Pall's patents [1]—three involving certain blood filters and the fourth a gas separator.[2] On August 20, 1981, Bentley answered the amended complaint in which it denied infringement and asserted by way of affirmative defenses and a counterclaim that the patents-in-suit are unenforceable and invalid for a number of different reasons.[3]

The following day, Bentley moved, pursuant to 28 U.S.C. § 1404(a), for an order transferring this action to the United States District Court For The Central District of California (the "California Court").[4]

A civil action may be transferred under § 1404(a) to another district "where it might have been brought" if the Court, in its discretion, finds the transfer to be "[f]or the convenience of the parties and witnesses, [and] in the interest of justice." The Court finds, and indeed it is undisputed, that this action could have been brought in the California Court because Bentley maintains its principal place of business in Irvine, California.[5] Thus, this Court unquestionably has the power to transfer this action and the only issue remaining is whether the Court in its sound discretion should do so after considering the "convenience" and "interest of justice" criteria.

At the outset, the Court is faced with a dispute over the proper standard to be applied. Pall relies on the rule announced in *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (C.A.3, 1970), *cert. denied*, 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971), where the Court of Appeals for the Third Circuit stated:

It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice " * * * should not be lightly disturbed." . . . In accord with that sound doctrine, one district court recently correctly observed: "The decision to transfer is in the Court's discretion, but a transfer is not to be liberally granted." . . . The burden is on the moving party to establish that a balancing of proper interests weigh in favor of the transfer, . . . and " * * * unless the balance of convenience of the parties is *strongly* in favor of the defendant, the plaintiff's choice of forum should prevail." . . .

1. The patents-in-suit are: U.S. Patent No. 3,701,433 "Filter For Use In The Filtration of Blood"; U.S. Patent No. 3,765,536 "Blood Filter Cascade"; U.S. Patent No. 3,765,537 "Dual Blood Filter"; and U.S. Patent No. 3,523,408 "Gas Separator."

2. Docket Item ("D.I.") 1 & 8.

3. D.I. 11.

4. D.I. 13.

5. D.I. 11, ¶ 2. The requirements for establishing venue in a patent infringement suit are set forth in 28 U.S.C. § 1400 which provides, in part, that such a suit may be brought in any judicial district where a defendant resides. Under 28 U.S.C. § 1391(c), a corporation is considered a resident for venue purposes in the district in which it is incorporated or licensed to do business or is doing business. *See Frazier v. Alabama Motor Club, Inc.*, 349 F.2d 456, 460 (C.A.5, 1965).

In *Shutte*, the plaintiff administratrix and her decedent were residents of the Western District of Pennsylvania, the decedent had worked in Western Pennsylvania, and all of plaintiff's damage and expert liability witnesses resided there. The accident, however, occurred in the Western District of Missouri, the place where defendant wished the case transferred. Thus, in *Shutte* the plaintiff was suing in her own district—her "home turf," so to speak—and it was in that context that the Third Circuit decided that transfer of the action would be improper. But where the forum selected by a plaintiff is connected neither with the plaintiff nor with the subject matter of the lawsuit, the convenience to plaintiff of litigating in its choice of forum is not as great as it would be were the plaintiff litigating at or near its residence, its principal place of business, or the site of the activities at issue in the lawsuit. Thus, in the latter situation, it is less difficult for the defendant to meet its burden of showing sufficient inconvenience to tip the "balance" in favor of transfer. *General Instrument Corp. v. Mostek Corp.*, 417 F.Supp. 821, 822–23 (D.Del.1976); *Burroughs Wellcome Co. v. Giant Food, Inc.*, 392 F.Supp. 761, 763 (D.Del.1975).

In the present case, Delaware is not Pall's "home turf"; Pall is neither incorporated in Delaware nor resides there but is incorporated in New York with its principal place of business at Glen Cove, New York.[6] Pall is a holding company which, aside from its research and development activities and small manufacturing facilities located at Glen Cove, New York, conducts the major portion of its business through an international network of subsidiaries.[7] Thus, Pall's activities relating to the patents-in-suit are primarily conducted at Glen Cove, New York, the site of Pall's research and development activity[8] and the place where Pall's blood filters are manufactured[9] by Pall's subsidiary, Pall Biomedical Products Corp., under a patent license from Pall.[10] Pall has no facilities in Delaware.[11]

On the other hand, while Bentley is incorporated under Delaware law, its principal place of business is located at Irvine, California. All of its research and development activities, research and development personnel, corporate offices, officers, corporate records, and United States manufacturing facilities are located at Irvine, California.[12] All sales orders are processed in California and the products shipped from either Bentley's California or Kentucky warehouses.[13] None of the alleged infringing devices, moreover, have ever been sold in Delaware.[14]

Under these facts, where the forum in Delaware, selected by Pall, is neither connected with Pall nor with the patents-in-suit, the subject matter of the litigation, defendant Bentley's burden of showing sufficient inconvenience to tip the "balance" of convenience "strongly in favor of defendant" becomes less difficult.

### Convenience of Parties and Witnesses

In considering the balance of convenience between the parties, it is abundantly clear that the California Court is a much more convenient forum for defendant Bentley and its probable trial witnesses than this Court. As previously noted, Bentley is based in California, all of its officers, key trial witnesses and records are located there and most of the alleged infringing activities occurred there. On the other hand, the California forum would pose some inconvenience to Pall. Most of Pall's officers, and its primary trial witnesses are located at Glen Cove, New York, some 150 miles and three hours transit time away from

---

6. D.I. 8, ¶ 1.

7. D.I. 12A, pp. A20, 23–34.

8. *Id.*, pp. A22–23.

9. *Id.*, pp. A27–30, 37.

10. *Id.*, p. A53.

11. *Id.*, p. A82.

12. *Id.*, pp. A78–79.

13. *Id.*

14. *Id.*, p. A79.

Wilmington. This distance, however, would require Pall's personnel and trial witnesses to stay in Wilmington during the course of trial in any event—the same thing they would be required to do if trial were held in California. Undoubtedly, there would be some additional expense in traveling to California and shipping records there for trial, but the difference in such expenses in multipatent litigation would be insignificant compared to the overall costs of such litigation wherever tried.

Accordingly, the Court concludes that the slight inconvenience to plaintiff is substantially outweighed by the convenience to defendant.

*Interest of Justice*

■ One of the most significant criteria in determining the advisability of transfer is the "interest of justice." *Glickenaus v. Lytton Financial Corp.*, 205 F.Supp. 102, 105 (D.Del.1962). This factor is a paramount consideration in this case. Four months prior to the institution of the action in this Court, Bentley had filed suit against Pall in the California Court seeking a judgment declaring the invalidity, unenforceability and non-infringement of all the patents involved in this case.[15] Where two suits involving the same parties and subject matter are pending concurrently, the first-filed suit should have priority absent the showing of balance of inconvenience in favor of the second action or unless there are special circumstances which justify giving priority to the second-filed suit. *William Gluckin & Co. v. International Playtex Corp.*, 407 F.2d 177, 178 (C.A.2, 1969). There is nothing in the present record showing that Bentley did not properly file its declaratory judgment action in Caifornia after it had received from Pall on February 28, 1981, a direct, clear and unequivocal threat of immediate suit for wilful infringement after earlier correspondence on the same subject between the parties from August 28, 1980 to February 28, 1981.[16]

In any event, it is in the interest of justice to permit suits involving the same parties and issues to proceed before one court and not simultaneously before two tribunals. It is impossible to justify the continued maintenance of both this suit and the California action at the same time. *Sanyo Electric Trading Co. v. Masco Corp.*, 429 F.Supp. 1023, 1024 (D.Del.1977); *Smithkline Corp. v. Sterling Drug, Inc.*, 406 F.Supp. 52, 55 (D.Del.1975); *Jacobs v. Tenney*, 316 F.Supp. 151, 169 (D.Del.1970). A transfer of this action to the California Court would result in a number of benefits to both parties: the two actions could be consolidated before one judge thereby promoting judicial efficiency, pretrial discovery could be conducted in a more orderly manner, witnesses could be saved the time and expense of appearing at trial in more than one court, duplicative litigation involving the filing of records in both courts could be avoided eliminating unnecessary expense and the possibility of inconsistent results can be avoided. *See Jahncke Service, Inc. v. OKC Corp.*, 301 F.Supp. 866, 869 (D.Del. 1969).

Pall advances the argument that as the patent owner its choice of forum should prevail in view of the one-way collateral estoppel doctrine announced in *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 332–33, 91 S.Ct. 1434, 1444–45, 28 L.Ed.2d 788 (1971). Pall, thus, contends that it should have the opportunity to "fire his best shot" in support of validity in the forum of his choice and, hence, "it would be grossly unfair to transfer this action out of Pall's forum of choice to that desired by defendant."[17] The Court must reject this argument because it is premised on the unsupported assumption that, despite the law involved, the federal court of Pall's choice will act more favorable on its position than another federal court. This is patently wrong.

■ The Court, having weighed the relevant factors under § 1404(a), concludes that

---

**15.** *Id.*, p. A1–15.

**16.** D.I. 18, Ex. A, B, C & D to Ex. D.

**17.** D.I. 18, pp. 5–6.

the defendant Bentley has met its burden and that this action should be transferred to the United States District Court for the Central District of California. Furthermore, in view of the prompt transfer of this case, Pall's motion to stay proceedings on Count I of the amended complaint pending the conclusion of reexamination by the Patent and Trademark Office of U. S. Patent No. 3,523,408 [18] should be addressed to the transferee court. *Firmani v. Clarke*, 325 F.Supp. 689, 693 (D.Del.1971).

An order will be entered in accordance with this memorandum opinion.

---

**18.** D.I. 15; a similar motion to stay is pending before the Honorable William Matthew Byrne of the California Court. D.I. 18, Ex. D.