BELL TELEPHONE LABORATORIES, INCORPORATED, Plaintiff,

v.

INTERNATIONAL BUSINESS MACHINES CORPORATION and RCA Corporation, Defendants.

Civ. A. No. 84–02 LON.

United States District Court, D. Delaware.

Oct. 18, 1984.

---

Peter M. Sieglaff, of Potter, Anderson & Corroon, Wilmington, Del. (William Ryan, and Bernard Zucker, of AT & T Technologies, New York City, of counsel), for plaintiff.

Donald E. Reid, of Morris, Nichols, Arsht & Tunnell, Wilmington, Del. (Joseph G. Walsh, of Intern. Business Machines Corp., San Jose, Cal., Clyde C. Metzger, of Pennie & Edmonds, New York City), for defendant Intern. Business Machines Corp.

Robert H. Richards, III, and William J. Wade, of Richards, Layton & Finger, Wilmington, Del. (Albert Russinoff, of RCA Corp., Princeton, N.J., of counsel), for RCA Corp.

LONGOBARDI, District Judge.

Plaintiff Bell Telephone Laboratories ("Bell") has filed this action under 35 U.S.C. § 146 seeking review of the decisions of the Board of Patent Interferences ("Board") in Interference Nos. 100,317 (" '317") and 100,318 (" '318"). Defendant RCA Corporation ("RCA") has filed a motion under 28 U.S.C. § 1404 to transfer this action to the United States District Court for the District of New Jersey.

An "interference" is declared by the U.S. Patent and Trademark Office ("PTO") when two or more inventors claim to have discovered the same invention. An administrative proceeding is then held before the Board to determine which of the claimants made the invention first and is entitled to patent rights. *Princeton Electronics Products v. Bell Tel. Laboratories*, 210 U.S.P.Q. 473, 473 n. 2 (S.D.N.Y.1979).

The '317 and '318 interferences dealt with a method of recording information by scanning an electron beam across various recording media. A patent covering this method had previously been awarded to Michael Kaplan, an employee of RCA. The PTO declared an interference between the RCA patent and applications for patents assigned to Bell and International Business Machines Corporation ("IBM"). The PTO formed the '317 interference with seven counts at issue, corresponding to seven of the claims in the RCA patent. Both Bell and IBM contested RCA's claim of priority with regard to each of these counts. The '318 interference was formed with five counts at issue, based on five additional claims in the RCA patent. Only Bell contested RCA's claims in the '318 interference; IBM was not involved. The Board awarded priority to IBM with regard to six counts of Interference '317 and awarded priority to RCA with regard to the remaining count of Interference '317 and all counts of Interference '318.

On December 29, 1983, RCA filed an action under 35 U.S.C. § 146 in the United States District Court for the District of New Jersey seeking review of the Board's decision in the '317 Interference. *RCA Corporation v. International Business Machines Corporation and Bell Telephone Laboratories*, Civil Action No. 83–4493. Agents of Bell and IBM were served the next day. RCA could not, of course, seek review of the Board's decision in the '318 Interference since it had prevailed on all counts. On January 3, 1984, Bell filed this action seeking review of both the '317 and '318 Interferences. RCA thereupon filed this motion to transfer the action to New Jersey.

Title 28, section 1404(a) of the United States Code allows the Court to transfer a lawsuit to any other district where it might have been brought if the transfer would provide greater convenience for the parties and witnesses and serves the interest of justice. All parties have agreed that this action could have been brought in the District of New Jersey.

■ Plaintiff's choice of forum "is a paramount consideration in any determination of a transfer request" and "the burden is on the moving party to establish that a balancing of proper interests" weighs strongly in favor of transfer. *Shutte v. Armco Steel Corporation*, 431 F.2d 22, 25 (3d Cir.1970). Where, however, the Plaintiff has brought suit in a forum which is

not its "home turf" and which has no connection with the subject matter of the lawsuit, the convenience to the Plaintiff of litigation in its choice of forum is not as great. Therefore, it will be easier for the Defendant to show that the balance of convenience favors transfer. *Pall Corp. v. Bentley Laboratories, Inc.*, 523 F.Supp. 450, 452 (D.Del.1981); *General Instrument Corp. v. Mostek Corp.*, 417 F.Supp. 821, 822–23 (D.Del.1976); *Burroughs Wellcome Co. v. Giant Food, Inc.*, 392 F.Supp. 761, 763 (D.Del.1975).

All of Kaplan's work for RCA on the inventions was done in Princeton, New Jersey, about a 15–20 minute drive from Trenton and he is now working and living around Princeton, New Jersey. Russinoff Affidavit, ¶ 6. All the records and physical evidence concerning Kaplan's work are in Princeton. *Id.* RCA plans to have Kaplan present for all of the trial and Loren Johnston, a resident of Princeton and a part-time RCA employee, present for much of the trial. Russinoff Affidavit, ¶ 7. Consequently, none of RCA's work on the invention was done in Delaware and none of their records or witnesses are in Delaware.

Bell's principal place of business is Murray Hill, New Jersey, and much of its work on the invention was done there. None of its work on the invention was done in Delaware. Even at the Board proceeding, Bell did not call any fact witnesses. It preferred to base its claim on being the first to file. Thus, for Bell, it appears that there is essentially no difference between the forums of New Jersey and Delaware.

IBM's work on the invention was done in East Fishkill, New York, and San Jose, California. None of its work was done in New Jersey or Delaware and thus both forums are equally convenient for IBM.

■ Thus, transfer to New Jersey would be more convenient for RCA and would not impose any added inconvenience to Bell or IBM. The balance of convenience factors favors transfer to New Jersey despite the relatively short distance involved. *See Smithkline Corporation v. Sterling Drug, Inc.*, 406 F.Supp. 52, 55 (D.Del.1975) (trans-

fer from Delaware to the Eastern District of Pennsylvania).

■ Finally, the Court must consider the "interests of justice" in deciding whether to transfer this action. A major consideration is the maintenance of sound judicial administration and proper conservation and utilization of judicial resources. *General Tire & Rubber Company v. Watkins*, 373 F.2d 361 (4th Cir.), *cert. denied sub nom., Firestone Tire & Rubber Co. v. General Tire & Rubber Co.*, 386 U.S. 960, 87 S.Ct. 1031, 18 L.Ed.2d 109 (1967); *Smithkline Corporation v. Sterling Drug, Inc.*, 406 F.Supp. at 55. This lawsuit and the lawsuit in New Jersey involve the same parties. Both lawsuits involve review of Interference '317. The Delaware lawsuit also involves review of Interference '318 but Interference '318 derives from the same patent as Interference '317. Thus, many of the same issues are involved in both lawsuits. Therefore, as all parties have conceded, it would be extremely wasteful of judicial resources to allow both lawsuits to proceed.

It appears to the Court that the interests of justice would be served more favorably by transferring this action to New Jersey in order to avoid a waste of judicial resources. *Smithkline Corporation v. Sterling Drug, Inc.*, 406 F.Supp. at 55; *Jacobs v. Teeney*, 316 F.Supp. 151, 169 (D.Del. 1970). "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Continental Grain Co. v. Barge FBL–585*, 364 U.S. 19, 26, 80 S.Ct. 1470, 1474, 4 L.Ed.2d 1540 (1960).

■ If transfer were to be denied by this Court, Bell has stated that it will move the New Jersey court to dismiss or stay that lawsuit or to transfer it to Delaware. Plaintiff Bell's Answering Brief, pp. 9–10. A transfer, dismissal or stay of the New Jersey lawsuit would avoid duplication of effort but would deprive RCA of its choice of forum in New Jersey. RCA is incorpo-

rated in Delaware but all of its work on the inventions was done in New Jersey and all of its records and witnesses are in New Jersey. Therefore, New Jersey, not Delaware, is RCA's home turf for the purposes of this action. *Anchor Hocking Corporation v. Aladdin Synergetics*, Civil Action No. 84–11, slip op. at 2–3 (D.Del. Aug. 24, 1984). When, as in the New Jersey action, Plaintiff's choice of forum is its home turf and the forum has a close connection to the subject matter of the lawsuit, that choice is entitled to great deference. *Shutte v. Armco Steel Corporation*, 431 F.2d at 25.

Bell, as discussed above, brought suit in Delaware, a forum which is not its home turf and which is without connection to the subject matter of this lawsuit. Its choice of forum is accordingly entitled to much less weight than that of RCA. *See Pall Corp. v. Bentley Laboratories, Inc.*, 523 F.Supp. at 452.

RCA was also the first to file a lawsuit challenging the Board's decision in the '317 Interference. Bell's agent was served in New Jersey on December 30, 1983. Bell thus had ample opportunity to become aware of the New Jersey action before it filed in Delaware but instead it brought a new action in a forum that has little, if any, connection with the subject matter of this litigation. Under these circumstances, the balance of equities favors awarding RCA, as the first to file, its choice of forum.

This conclusion is strongly supported by the reasoning in *E.I. DuPont de Nemours v. Diamond Shamrock Corp.*, 522 F.Supp. 588 (D.Del.1981). DuPont filed suit in Delaware seeking a declaratory judgment that a patent assigned to Diamond Shamrock, the '725 patent, was invalid. Previously, a suit by Hooker Chemical Company had been filed in the Western District of New York and Diamond Shamrock had filed in the District of Oklahoma. Both suits sought a declaration of the validity of two related patents. Although DuPont's suit in Delaware was the first action to consider the '725 patent, the court granted Diamond Shamrock's motion to transfer it to the Western District of New York.

The court reasoned:

DuPont filed this action after Hooker filed its complaint in New York, and after Diamond initiated proceedings in Oklahoma. It plainly chose its own convenience in preference to entering into two lawsuits already pending in federal court. As the Supreme Court wrote, in *Van Dusen v. Barrack*, 376 U.S. 612, 624, 84 S.Ct. 805, 813, 11 L.Ed.2d 945 (1964), "[t]he power to defeat a transfer to the convenient federal forum should derive from the rights and privileges conferred by federal law and not from the deliberate conduct of a party favoring trial in an inconvenient forum."

*Id.* at 591–92.

This reasoning applies even more strongly to this case. DuPont's choice of Delaware in that case at least offered additional convenience for DuPont although the court found that it was offset by inconvenience to the other parties. Here, Bell's suit in Delaware will inconvenience RCA with no additional convenience for anyone. Also, in that case, DuPont's suit in Delaware involved a different patent from those at issue in New York. Here, the '317 Interference was already before the court in New Jersey when Bell filed this suit and the '318 Interference involves the same patent as the '317 Interference.

Finally, an important consideration is whether Bell properly brought this action in Delaware or was required by the Federal Rules of Civil Procedure to bring its suit as a counterclaim to the New Jersey action. This question is governed by Rule 13(a) which deals with compulsory counterclaims.

Rule 13(a) provides:

*Compulsory Counterclaims.* A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the

presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13.

Rule 13 is fully applicable to proceedings under 35 U.S.C. § 146. *Montecatini Edison, S.P.A. v. Ziegler*, 486 F.2d 1279 (D.C. Cir.1973). Thus, the Court must determine whether Rule 13(a) required Bell to file its claims as a compulsory counterclaim in the New Jersey action rather than filing a new action in Delaware.

In *Xerox Corp. v. SCM Corp.*, 576 F.2d 1057, 1059 (3d Cir.1978), the court set out the standard for determining whether a claim is a compulsory counterclaim.

*Great Lakes Rubber Corp. v. Herbert Cooper Co.*, 286 F.2d 631, 634 (3d Cir. 1961), established that the operative question in determining if a claim is a compulsory counterclaim is whether it bears a logical relationship to an opposing party's claim.

[A] counterclaim is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts. Where multiple claims involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties, fairness and considerations of convenience and of economy require that the counterclaimant be permitted to maintain his cause of action. Indeed the doctrine of *res judicata* compels the counterclaimant to assert his claim in the same suit for it would be barred if asserted separately, subsequently.

Thus, a detailed analysis must be made to determine whether the claims involve:

(1) many of the same factual issues; (2) the same factual and legal issues; or (3) offshoots of the same basic controversy between the parties.

■ Applying that standard to this case, Bell's action for review of Interference '317 presents the same legal and factual issues as the New Jersey action for review of Interference '317 and thus is clearly a compulsory counterclaim. Bell's action for review of Interference '318, while not at issue in New Jersey, bears a sufficient "logical relationship" to the review of Interference '317 that one could conclude it to be a compulsory counterclaim. Each of the counts in Interference '318 refers to a method of imprinting information described in a count of Interference '317. Complaint, ¶ 9. The counts of Interference '318 vary the olefin or the thickness of the film involved but otherwise involve the same technique as the counts in '317. *Id.* Thus, there would be a "substantial duplication of the effort and time by the parties and the courts" if these actions were tried separately due to the substantial factual overlap. Further, these two actions are offshoots of the same basic controversy between two parties; the dispute over the validity of the patent granted to Kaplan of RCA as against the application for the patent filed by Bell's researchers. The overlap of these issues was recognized in the proceedings before the Board in which the depositions for both interferences were taken on a consolidated basis and the records and briefs were also consolidated. Transcript of Oral Argument, p. 6.

■ Rule 13(a) provides exceptions if the Court cannot obtain jurisdiction over all necessary parties or if the defendant's claim was already the subject of a pending action at the time the suit "commenced." All of the parties necessary for complete adjudication were not only within the New Jersey court's jurisdiction, they were already before the court as parties in the RCA action. Also, under Rule 13(a), it makes no difference whether Bell had actual notice of the New Jersey action when it brought its suit in Delaware, provided that

the New Jersey action "commenced" first. Under the Federal Rules of Civil Procedure, an action is commenced when the complaint is filed. Fed.R.Civ.Proc. 3; *Polaroid Corporation v. Casselman*, 213 F.Supp. 379, 381 (S.D.N.Y.1962). The New Jersey action thus commenced on December 29, 1983, five days before Bell filed this action.

 When a party violates Rule 13(a) by bringing a second action rather than filing a compulsory counterclaim in the first action, "[n]ormally, the first suit should have priority, absent a showing of a balance of convenience in favor of the second action." 3 *Moore's Federal Practice* § 13.14[2] at 13.87 (2d ed. 1984). Thus, the interests of justice favor awarding RCA, not Bell, its choice of forum.

*Kerotest Mfg. Co. v. C–0–Two Fire Equipment Co.*, 189 F.2d 31 (3d Cir.1950), *aff'd*, 342 U.S. 180, 72 S.Ct. 48, 96 L.Ed. 612 (1952), cited by IBM, is not to the contrary. In *Kerotest,* C–0–Two sued Acme Equipment Co. in the Northern District of Illinois for patent infringement. Subsequently, Kerotest sued C–0–Two in Delaware for a declaratory judgment that the patents at issue in the Illinois action were invalid. At the time Kerotest brought the Delaware action, it was not a party in the Illinois litigation. Subsequently, C–0–Two moved to have Kerotest added as a party to the Illinois action and the Illinois court granted this motion. Kerotest then moved the Delaware court to enjoin C–0–Two from proceeding against Kerotest in Illinois. The Delaware court granted the motion on the grounds that Kerotest had filed its declaratory judgment action in Delaware before being added as a party in Illinois.

The Third Circuit reversed. The court reasoned that the Illinois court had jurisdiction over all three parties while the Delaware court could not obtain jurisdiction over Acme. Thus, only in Illinois could the entire controversy be resolved. The court also noted that C–0–Two had filed its action against Acme covering the same patent before Kerotest's suit in Delaware. Kero-

test could have become a party to the Illinois action but chose not to do so.

Here, RCA's suit in New Jersey was the first suit covering Interference '317. All parties were already before the New Jersey court before Bell filed this action in Delaware. Complete relief for all the parties can be granted in New Jersey. RCA did not file for review of the '318 Interference because it had prevailed in the '318 action. Bell, however, could have brought its challenge to both interferences in New Jersey and in fact was required to do so by Rule 13(a). Instead, it brought this action in a forum with no connection to the facts of this suit.

For all these reasons, RCA's motion to transfer this action to the United States District Court for the District of New Jersey is granted.