Herbert **BROWNELL, Jr.,** Attorney General of the United States as successor to the Alien Property Custodian, Plaintiff,

v.

**LA SALLE STEEL CO.,** Defendant.

Civ. A. No. 1627.

United States District Court,
D. Delaware.

Feb. 4, 1955.

Leonard G. Hagner, U. S. Atty., Wilmington, Del., Dallas S. Townsend, Asst. Atty. Gen., James D. Hill, Walter T. Nolte, Ned K. Zartman, and Loretta M. Goldman, Dept. of Justice, Washington, D. C., for plaintiff.

Hugh M. Morris (of Morris, Steel, Nichols & Arsht), Wilmington, Del., Richard L. Wattling (of DeFrees, Fiske, O'Brien & Thomson), Chicago, Ill., for defendant.

RODNEY, District Judge.

This is a motion to transfer the action to the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1404(a).[1] The defendant has its main place of business in the Northern District of Illinois, Eastern Division, and suit might have been there brought, so that such District is not an improper

---

[1] "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

one and is one to which the action might be transferred, if sufficient reasons therefor exist.[2]

The defendant is a corporation of the State of Delaware, and the suit was properly brought in this (Delaware) District. The situs of the corporation or the home state of incorporation, however, is not entitled to any overwhelming consideration or weight where, as here, it is shown that in this State, there is maintained only such business records and representation as will satisfy statutory requirements, but that all of its business is transacted elsewhere—in this case in Illinois.[3] Jurisdiction is also based upon 28 U.S.C. § 1345 and 50 U.S.C.A.Appendix, § 17.

No answer in the matter has been filed so the precise issues are not finally fixed, except as set out in the affidavits filed. The plaintiff can not object to the non-filing of the answer, for he has stipulated with the defendant that the answer need not be filed until twenty days after the determination of the present motion.

The consideration of the potential issues to be presented and, therefore, of the prospective witnesses in their support requires some statement of the facts which are both complicated and unusual.

Tubus A. G. is a business corporation organized under the laws of Switzerland. It had certain patent rights in the United States and Canada. Tubus A. G., by contract dated December 2, 1933, granted certain rights as licensee to the defendant in return for certain royalty payments to be made by the defendant to Tubus A. G. Sublicenses under the contract were granted by the defendant to Thompson Products, Inc., and Eaton Manufacturing Co., both corporations of the State of Ohio, doing business at Cleveland, Ohio.

Subsequently, it was determined that all rights accruing to Tubus A. G. under the contract, and all rights to royalties thereunder were vested in certain individuals who were residents in and nationals of a foreign and enemy country. Pursuant to certain Vesting Orders under the Trading with the Enemy Act,[4] these rights became vested in the Alien Property Custodian, and by Executive Order in 1946,[5] the Attorney General succeeded to the functions, powers and duties of the Alien Property Custodian. The Attorney General thus becomes the plaintiff.

According to the affidavits and other available information, it appears that the issues of the said case will involve not only the ascertainment of the amount of royalties which are claimed by the plaintiff, but also the validity of the patents on which the royalties are based, and a counterclaim for damages arising from the action of the Alien Property Custodian, the predecessor of the plaintiff. This counterclaim seems to arise from a prior determination and statement by the Alien Property Custodian, the predecessor of the Attorney General, that the contract under which the present royalties are claimed by the Attorney General was illegal and in violation of the Anti-Trust Laws.

These matters are only material at this time in connection with the witnesses, by whose testimony the matters may be investigated and whose convenience or rights may be considered in the application for transfer.

With these preliminary facts in mind, the question under the statute remains as to whether the convenience of the parties and witnesses, in the interest of justice, are best served in retaining jurisdiction in this District or transferring the case to Illinois.

---

2. 28 U.S.C. § 1391(c).

3. Koster v. (American) Lumbermens Mutual Cas. Co., 330 U.S. 518, 527, 67 S.Ct. 828, 91 L.Ed. 1067; Cinema Amusements, Inc., v. Loew's, Inc., D.C.Del., 85 F.Supp. 319.

4. 50 U.S.C.A.Appendix, § 1 et seq.

5. Executive Order No. 9788, 50 U.S.C.A. Appendix, § 6 note, 11 Fed.Reg. 11,981.

■ So far as here appears, no identified witness is required by the plaintiff to prove his case other than for formal proof of documents, or to meet some defense or counterclaim not yet developed. It is apparent, of course, that it would be more convenient for an official to come from Washington, D. C. to Wilmington, Delaware than to go from Washington, D. C. to Chicago, Illinois. This convenience or inconvenience must be contrasted to the convenience or inconvenience of others.

■ For the defendant it appears that a number of named witnesses live in or near Chicago and other identified witnesses are in Cleveland, Ohio. Among the witnesses in Chicago is the former president of the defendant company, by whom the original contract of December 2, 1933 was negotiated. He is the only witness in that connection. I am informed that this prospective witness has been compelled to cease all business activities because of ill health, and that a compulsory trip from Chicago to Wilmington, in connection with his appearance in Court, would be highly dangerous to his physical well being. This is countered by a suggestion of the plaintiff that the testimony of the witnesses could be taken by deposition. The advantages of personal appearance of a witness over testimony by deposition as affecting both the interest of the parties and the performance of duties by the trial tribunal are so evident as to foreclose discussion. A party may not have the absolute right in all cases to secure or have available the personal attendance of witnesses but the desirability of so doing is beyond question and the convenience of personal attendance is an especial matter of consideration under the statute.

All of the present officers and prospective witnesses of the defendant company are in Chicago. These officers executed a supplemental contract between the parties in 1935. The two licensees are located in Cleveland where all their officers and employees reside and the records are kept. Chicago appears to be some 200 rail miles closer and more convenient to Cleveland than is Wilmington, Delaware.

It is not clear that any questions of local Illinois law will arise in connection with the agreement of December 2, 1933, but that agreement expressly provides that all questions in connection therewith shall be determined by the law of Illinois.

■ I am clear that the convenience of witnesses and in the interest of justice, the case should be transferred to the District of Illinois, Eastern Division. This conclusion is consistent with other recent cases in this Court. Cinema Amusements, Inc., v. Loew's, Inc., D.C., 85 F.Supp. 319; Paragon-Revolute Corp. v. C. F. Pease Co., D.C., 120 F.Supp. 488; General Felt Products Co. v. Allen Industries, Inc., D.C., 120 F.Supp. 491; Busch v. Reiss S. S. Co., D.C., 120 F. Supp. 886.

An appropriate order may be submitted.