**SANYO ELECTRIC TRADING CO., LTD., a corporation of Japan, Plaintiff,**

v.

**MASCO CORPORATION, a corporation of Delaware, and Masco Corporation of Indiana, a corporation of Indiana, Defendants.**

Civ. A. No. 76–454.

United States District Court, D. Delaware.

April 21, 1977.

William O. LaMotte, III, and Martin P. Tully, of Morris, Nichols, Arsht & Tunnell, Wilmington, Del. and Gordon D. Coplein and David R. Francescani, of Darby & Darby, P.C., New York City, for plaintiff.

C. Waggaman Berl, Jr., Wilmington, Del. and Theodore W. Anderson and James T. Williams, of Neuman, Williams, Anderson & Olson, Chicago, Ill., for defendants.

LATCHUM, Chief Judge.

Sanyo Electric Trading Co., Ltd., a Japanese corporation ("Trading"), has brought this action against Masco Corporation, a Delaware corporation ("Masco"), and its wholly owned subsidiary, Masco Corporation of Indiana, an Indiana corporation ("Indiana"), (collectively, the "defendants"). Indiana owns two patents[1] which relate to signal-seeking radio receivers or scanners, a product which Trading also markets in the United States. Trading seeks a declaration that the Indiana patents are invalid or that Trading's scanners do not infringe the patents in suit. Also, Trading contends that Masco and Indiana are guilty of certain antitrust violations.

The defendants have moved[2] to transfer this action to the United States District Court for the Southern District of Indiana, Indianapolis Division, pursuant to 28 U.S.C. § 1404(a) which provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

To secure a change of venue, the defendants must show: (1) that this action might have been brought in the Southern District of Indiana, and (2) that the interests of justice and the convenience of the parties and witnesses require the transfer of this action to the transferee district. *Burroughs Wellcome Co. v. Giant Food, Inc.,* 392 F.Supp. 761, 763 (D.Del.1975).

Trading does not dispute that this action could initially have been brought in the Southern District of Indiana. The Indiana court would have had personal jurisdiction over Indiana because it is an Indiana corporation with its facilities located there and over Masco because it is licensed to do busi-

---

1. U. S. Patent Nos. 3,531,724 and 3,873,924.

2. Docket Item 7.

ness in that state.[3]  Venue in the Southern District of Indiana is also appropriate under 28 U.S.C. § 1391(b) which requires that the action be brought in a district where both Masco and Indiana reside.  The residence of a corporation for purposes of 28 U.S.C. § 1391(b) is determined by reference to 28 U.S.C. § 1391(c) which provides that a corporation is a resident where it is either incorporated or licensed to do business. Thus, it is clear that this action could have been brought in the Southern District of Indiana.

Pending in the Southern District of Indiana, Indianapolis Division, is a patent infringement suit,[4] which antedates this action by six months, brought by Indiana and Masco against Sanyo Electric Co., Ltd. ("Electric"), which owns 72% of the stock of Trading,[5] and two other companies[6] that distribute the allegedly infringing product, apparently manufactured by a member of Trading's corporate family.  The same Indiana patents are involved in both this action and the Indiana action, and Electric has defended by claiming that the Indiana patents are invalid or not infringed and by asserting certain antitrust counterclaims.[7] Thus, Trading is asking this Court to decide the validity of patents which its principal parent has already challenged in Indiana. Similarly, the same antitrust issues are presented to both courts.  The societal interest in preserving limited judicial resources is hardly protected by proceeding simultaneously in two forums to resolve the same questions; thus the Court concludes that a transfer would substantially aid the

interests of justice.  *Jacobs v. Tenney*, 316 F.Supp. 151, 169 (D.Del.1970).

Furthermore, it is clear that the Southern District of Indiana offers the more convenient forum both for the parties and witnesses.  Obviously, Indiana, whose offices and facilities are located in the Indianapolis area, would find trial in Indianapolis more convenient.  Also, Masco's headquarters in Michigan are considerably closer to Indianapolis than to Delaware.  Most of defendants' witnesses reside near Indianapolis, and the absence of key Indiana employees from their jobs would be minimized if trial were held in Indianapolis.  The inventor whose work led to the patents in suit now lives in Arizona but regularly visits Indianapolis, making that locale more convenient for him.  Also, Regency Electronics, Inc., the company with which defendants are alleged to have violated the antitrust laws, has its corporate offices in Indianapolis, and it is reasonable to expect that the witnesses on the antitrust aspect of this case would prefer Indianapolis.[8]  Thus, it is likely that more witnesses will appear personally at trial in Indianapolis.  *See Brownell v. LaSalle Steel Co.*, 128 F.Supp. 548, 550 (D.Del. 1955).  On the other hand, although Trading has suggested that it might seek the testimony of employees of RCA Corporation who live in New Jersey or the production of documents from RCA's New Jersey facilities,[9] it concedes that the Delaware and Indiana courts are equally accessible to it.[10] In sum, the Southern District of Indiana is the more convenient forum for resolution of the claims set forth in Trading's complaint.[11]

3.  Docket Item 8, par. 2.

4.  Docket Item 8, Ex. A.

5.  Docket Item 14, Ex. C, par. 5.

6.  The two other corporations are:  Teaberry Electronics Corporation and RCA Corporation.

7.  Docket Item 8, Ex. B.  Electric has challenged the Indiana court's jurisdiction over it but has indicated that it would gratuitously submit to the jurisdiction of this court if the motions of Teaberry and RCA, the other two Indiana defendants, to transfer to this district are granted by the Indiana court.  Trading evidently has

agreed to indemnify the other Indiana defendants.  (Docket Item 14, pars. 2–3, Ex. A.)

Neither Electric nor Trading has divulged its reasons for preferring this court to the Southern District of Indiana.

8.  Docket Item 8, pars. 12–16.

9.  Docket Item 14, par. 4.

10.  Docket Item 13, p. 17.

11.  It should also be noted that, except for Masco's incorporation in Delaware, none of the parties has any special relationship to Delaware, and the situs of incorporation is not of

Accordingly, the Court will enter an order transferring this action to the United States District Court for the Southern District of Indiana, Indianapolis Division.[12]

great consequence in determining the propriety of a change of venue. *Brownell v. LaSalle Steel Co., supra*, 128 F.Supp. at 549.

12. It is unnecessary in light of this holding to consider the other grounds advanced by the defendants in support of their motion to transfer.