**CHRYSLER CAPITAL CORPORATION, f/k/a E.F. Hutton Credit Corporation, Plaintiff,**

v.

**Robert J. WOEHLING, Defendant.**

**Civ. A. No. 86–519–JLL.**

United States District Court, D. Delaware.

June 9, 1987.

Abraham Hoffman of Hoffman & Hoffman, Wilmington, Del., and William J.C. O'Donnell of O'Donnell, Hagner & Williams, Paoli, Pa., of counsel, for plaintiff.

Francis J. Murphy of Ashby, McKelvie & Geddes, Wilmington, Del., and Lisa F. Chrystal of Meth & Woehling, Westfield, N.J., of counsel, for defendant.

## MEMORANDUM OPINION

LATCHUM, Senior District Judge.

Plaintiff Chrysler Capital Corporation ("Chrysler") instituted this diversity action to recover on a promissory note ("the Note") executed by the defendant Robert J. Woehling ("Woehling") in favor of Lakeside Drilling Association ("Lakeside") and endorsed over to Chrysler by Lakeside. (Docket Item ["D.I."] 1.) Woehling did not answer Chrysler's complaint, but instead moved to dismiss the complaint for want of personal jurisdiction and proper venue, or in the alternative, to transfer this action to the District of New Jersey to be consolidated with a related action pending before that court ("the New Jersey action"), or to stay the action in favor of the New Jersey action.[1] (D.I. 4.) Chrysler opposes Woehling's motion, contending that both personal jurisdiction and venue are proper in this Court, and neither a transfer nor a stay is warranted. (D.I. 11.) For the reasons stated below the Court will take the following action: (1) deny Woehling's motion to dismiss this case for want of personal jurisdiction or proper venue; (2) grant Woehling's motion to transfer this case to the District of New Jersey; and (3) deny Woehling's motion to stay this case.

## FACTS PERTAINING TO THESE MOTIONS

Woehling resides in Bridgewater, New Jersey, and practices law in Westfield, New Jersey. (D.I. 9 at ¶¶ 1–2.) Woehling has never lived in Delaware. (Id. at ¶ 11.) He has never traveled to Delaware or telephoned anyone in Delaware. (Id. at ¶ 12.)

---

1. Woehling did not request a transfer of this case in his motion. (D.I. 4.) However, Woehling requests and argues for a transfer in his briefs (D.I. 8; 13), and this Court may consider Woehling's transfer argument since it has the discretion to transfer cases in lieu of dismissal.

He owns no property in Delaware and has never transacted any business here. (*Id.* at ¶¶ 11–12.)

Chrysler is a Delaware corporation with its principal place of business in Greenwich, Connecticut. (D.I. 12 at ¶ 1.) All of Chrysler's employees who are connected with this case are stationed at the Greenwich office. (*Id.* at ¶ 8.)

Lakeside is a limited partnership organized under the laws of Delaware for the purpose of raising capital to explore and drill for oil and gas in Pennsylvania. (D.I. 9 at Ex. 1A.) Lakeside has never transacted any business in Delaware. (*Id.* at ¶ 15.) Lakeside keeps no business office in Delaware apart from the office of its registered agent which is required by Delaware law. (*Id.* at ¶ 13.)

The current dispute arose out of the following facts. On April 30, 1984, the general partners of Lakeside published a "Private Placement Memorandum" which offered five units of the Lakeside limited partnership for sale at $90,000 a unit. (*Id.* at Ex. 1B.) On July 26, 1984, Woehling purchased ⅓ of a unit for $30,000 and signed a Subscription Agreement ("the Subscription Agreement") in conjunction with this purchase. (*Id.* at ¶ 7, Ex. 1A.) Woehling tendered $4,000 in cash and executed the Note for the $26,000 balance of the purchase price. (*Id.* at ¶ 7, Ex. 1D.) The Note and Subscription Agreement were negotiated and executed in New Jersey (*id.* at ¶¶ 6, 14), but they both contain Delaware choice of law clauses (*id.* at Exs. 1A, 1D), and the Note contains a Delaware jurisdiction selecting clause. (*Id.* at Ex. 1D.)

Ladeside assigned the Note to Chrysler. (D.I. 12 at ¶ 4.) Woehling defaulted on the Note and Chrysler instituted this action on November 6, 1986, to recover the balance owed on the Note and any unpaid interest. (D.I. 1.)

Woehling's client, Arnold Suresky ("Suresky"), also purchased a unit of the Lakeside limited partnership, and executed a Note and Subscription Agreement in conjunction with that purchase. (D.I. 9 at Exs. 1, 1E.) Suresky also defaulted on his Note and is being sued by Chrysler for the unpaid balance of that Note in the Superior Court of Delaware. That action is currently stayed in deference to the New Jersey action.

On December 15, 1986, Woehling and Suresky filed the New Jersey action against Lakeside, Chrysler, and numerous other defendants, entitled Suresky et al. v. Lakeside Drilling Associates et al., C.A. 86–4933 (AJL). (D.I. 9 at Ex. 1.) The complaint in that action alleges that the defendants fraudulently induced Woehling and Suresky to purchase units of Lakeside in violation of the Securities Exchange Act of 1934, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and various New Jersey statutes. (*Id.*)

## ANALYSIS

Woehling requests that this Court do one of the following: (1) Dismiss this case for lack of personal jurisdiction or proper venue; (2) transfer this case to the District of New Jersey under 28 U.S.C. § 1404(a); or (3) stay this case pending the resolution of the New Jersey action. (D.I. 8 at 9–16.) The Court will discuss each of these alternatives in turn.

### I. Dismissal For Lack Of Personal Jurisdiction Or Proper Venue.

Woehling contends that this Court lacks personal jurisdiction over him. Woehling insists that he has neither "transacted business" in Delaware so as to make him amenable to suit under the Delaware long arm statute,[2] nor maintained sufficient minimum contacts with Delaware for personal jurisdiction to be proper under the due process clause.[3] (D.I. 8 at 9–11.) In response,

---

**2.** The Delaware long arm statute, codified at *Del.Code Ann.* tit. 10, § 3104 (Supp.1986), authorizes a court to exercise personal jurisdiction over a nonresident under a variety of circumstances. The relevant provision for our purposes authorizes personal jurisdiction over any nonresident who "transacts business" in Delaware. *Del.Code Ann.* tit. 10, § 3104(c)(1).

**3.** The Supreme Court has held that in order for a court to exercise personal jurisdiction over a party, that party must have sufficient minimum

Chrysler contends that Woehling's conduct in executing the Note, which contains Delaware choice of law and jurisdiction selecting clauses, and the Subscription Agreement, for a share of a Delaware limited partnership, constitutes both "transacting business" under the Delaware long arm statute and minimum contacts for due process purposes. (D.I. 11 at 5–6.)

■ Faced with this conflict a court will normally examine the "nature and quality" of the contacts and make a factual determination on the existence of personal jurisdiction. The Court need not apply this analysis in the present case, however, since there is a much more basic reason for exercising personal jurisdiction over Woehling: he has consented to the personal jurisdiction of this Court. It is well settled that a party can consent to the personal jurisdiction of a court. *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 703, 102 S.Ct. 2099, 2105, 72 L.Ed.2d 492 (1982); *National Equipment Rental v. Szukhent,* 375 U.S. 311, 316–17, 84 S.Ct. 411, 414–15, 11 L.Ed.2d 354 (1964). Unlike the requirement that federal courts have subject matter jurisdiction, which flows from the Article III limitations on federal judicial power and thus cannot be waived, the personal jurisdiction requirement is based on individual liberty interests protected by the due process clause and thus can be waived by any legal arrangement that demonstrates a party's expressed or implied consent to that jurisdiction. *Insurance Corp.,* 456 U.S. at 702–03, 102 S.Ct. at 2104–05.

■ It follows that "parties to a contract may agree in advance to submit to the jurisdiction of a given court." *National Equipment Rental,* 375 U.S. at 316, 84 S.Ct. at 414. In the case at bar, the Note provides that: "The Maker [Woehling] and each endorser hereunder hereby consents to the jurisdiction of any state or federal court in Delaware." (D.I. 1 at Exhibit ["Ex."] A.) By agreeing to the terms of the Note, Woehling unambiguously consented to the personal jurisdiction of this Court. Having done so, he may not object now to the Court's exercise of personal jurisdiction over him.

■ Woehling's motion to dismiss for improper venue must fail for the same reason. The jurisdiction selecting clause of the Note quoted above is also an implicit consent to venue in this district. *Walter E. Heller & Co. v. James Godbe Co.,* 601 F.Supp. 319, 321 (N.D.Ill.1984); *Coface v. Optique Du Monde, Ltd.,* 521 F.Supp. 500, 506 (S.D.N.Y.1980). Construing a jurisdiction selecting clause virtually identical to our own, the *Coface* court reasoned that since the purpose of the clause was to provide a forum in the event of litigation, the parties must have intended the clause to be an agreement as to personal jurisdiction and venue so that the suit could be maintained in that forum. Any other interpretation would render the clause useless since a suit could not proceed without proper venue. *Coface,* 521 F.Supp. at 506. This reasoning is particularly persuasive in cases like the one herein where proper venue might not exist if not for the jurisdiction selecting clause.

In sum, Woehling's execution of the Note constitutes consent to personal jurisdiction and venue in this Court.[4] Consequently, this Court will deny Woehling's motion to dismiss Chrysler's complaint for lack of personal jurisdiction and venue.

## II. Transfer To The District Of New Jersey

In the alternative, Woehling requests that the Court transfer this case to the

---

contacts with the forum state such that the maintenance of the suit will not offend traditional notions of fair play and substantial justice guaranteed by the due process clause. *International Shoe Co. v. Washington,* 326 U.S. 310, 315, 66 S.Ct. 154, 157, 90 L.Ed. 95 (1945).

**4.** Although the jurisdiction selecting clause of the Note constitutes an agreement that personal jurisdiction and venue are proper in this Court, it is not an exclusive jurisdiction selecting clause mandating that personal jurisdiction and venue are proper only in this Court. *See Walter E. Heller & Co. v. James Godbe Co.,* 601 F.Supp. 319, 321 (N.D.Ill.1984); *Coface v. Optique Du Monde Ltd.,* 521 F.Supp. 500, 506–07 (S.D.N.Y. 1980). Thus, the Court may consider Woehling's motion to transfer this case to the District of New Jersey.

District of New Jersey, pursuant to 28 U.S.C. § 1404(a), where it can be consolidated with the related New Jersey action. (D.I. 8 at 12–16.) Chrysler opposes such a transfer, insisting that the factors outlined in section 1404(a) weigh heavily against transfer. (D.I. 11 at 7–8.) For the reasons that follow, the Court agrees with Woehling and will transfer this case to the District of New Jersey.

Section 1404(a) provides:

For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a) (1982).

As section 1404(a) indicates, the initial requirement for transfer to another district is that the proposed transferee district be a district where the action "might have been brought." 28 U.S.C. § 1404(a); *Smithkline Corp. v. Sterling Drug Inc.*, 406 F.Supp. 52, 55 (D.Del.1975). There is no doubt that this action might have been brought originally in the District of New Jersey. Actions founded upon diversity jurisdiction may be brought in any district where all of the plaintiffs or all of the defendants reside, or where the claim arose. 28 U.S.C. § 1391(a) (1976). Woehling, the only defendant, resides in New Jersey. (D.I. 9 at ¶ 1.) Thus the action might have been brought originally in the District of New Jersey.

▐ Once a court establishes that the suit might have been brought in the proposed transferee district, the court has the power to transfer the suit to that district as a matter of discretion. The question then becomes whether, for the convenience of the parties and the witnesses, and in the interest of justice, the Court should exercise that discretion and transfer the suit. *Hall v. Kittay*, 396 F.Supp. 261, 263 (D.Del.1975).

### A.  Convenience of the Parties and Witnesses

▐ Normally a party seeking a transfer under section 1404(a) bears the heavy burden of demonstrating that the balance of convenience weighs strongly in favor of a transfer. *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir.1970), *cert. denied*, 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971). This is so because the plaintiff is the founder of the suit and his choice of forum must be a "paramount consideration" in determining a motion to transfer. *Id.* However, when the plaintiff chooses a forum which has no connection to himself or the subject matter of the suit, and is thus not his "home turf," the burden on the defendant is reduced and it is easier for the defendant to show that the balance of convenience favors transfer. *Krupp International Inc. v. Yarn Industries Inc.*, 615 F.Supp. 1103, 1106 (D.Del.1985); *Pall Corp.*, 523 F.Supp. at 452.

Chrysler has no real connection with Delaware. Chrysler is a Delaware corporation (D.I. 1 at ¶ 1), but that alone is not sufficient to make Delaware its home turf. *Bell Telephone Laboratories Inc. v. International Business Machines Corp.*, 630 F.Supp. 373, 377 (D.Del.1984). Chrysler's principal place of business is in Greenwich, Connecticut, and it was the Connecticut office that conducted all of the activities which are the subject of this suit. (D.I. 12 at ¶¶ 4, 8.) Moreover, the subject matter of this suit is not connected with Delaware. The Note and Subscription Agreement at issue were negotiated and executed in New Jersey or Connecticut, not Delaware. (D.I. 9 at ¶¶ 6, 14; 12 at ¶ 6.) Thus, Delaware is not Chrysler's "home turf" and it will be easier for Woehling to show that the balance of convenience favors a transfer.

Transferring this case to the District of New Jersey would promote the convenience of both parties. Woehling resides in New Jersey and practices law only a short distance from the New Jersey federal court in Newark.[5] Hence, litigating this case in

---

5. There are two federal courthouses in New Jersey, Camden and Newark. Since the New Jersey action is currently pending in Newark, a transfer of this case would be to the court in Newark.

Newark would be far more convenient for Woehling. Chrysler should also benefit from a transfer to the District of New Jersey. As noted earlier, Chrysler's principal place of business is in Greenwich, Connecticut. (D.I. 12 at ¶ 1.) Greenwich is 57 miles from Newark and 176 miles from Wilmington, Delaware. Thus, Chrysler's representatives will be saved 119 miles in traveling distance if this case is transferred to the District of New Jersey.

Despite these facts, Chrysler insists that it would be more convenient for it to litigate this case in Wilmington. (D.I. 11 at 7–8.) The Court is at a loss to understand how Chrysler could advance such an argument. If this suit is transferred, Chrysler's representatives would have to travel only 57 miles, a little over an hour each way by car, to litigate the suit. In contrast, if the suit remains in Wilmington, Chrysler's representatives would have to travel 176 miles by rail or plane each day, or stay for a prolonged period of time in Wilmington to litigate this suit. The undisputed facts indicate that the District of New Jersey is a more convenient forum for Chrysler.

The District of New Jersey is also a more convenient forum for the witnesses. All of the potential witnesses in the case are from Connecticut, New York, New Jersey, or Pennsylvania. (D.I. 9 at ¶ 9; 12 at ¶ 10.) Newark is a much more centralized location with respect to these states than is Wilmington.

In sum, the courthouse in Newark is simply easier to reach for all of the parties and witnesses in this case. Consequently, the convenience factor weighs in favor of transferring this case to the District of New Jersey.

**B. The Interest of Justice**

The most significant criterion for deciding a motion to transfer is the interest of justice. *Pall Corp.*, 523 F.Supp. at 452; *Cinema Amusements v. Loew's Inc.*, 85 F.Supp. 319, 326 (D.Del.1949). Woehling insists that transferring this case to the District of New Jersey would further the interest of justice since this action could be consolidated with the New Jersey action if transferred, resulting in a conservation of judicial resources. (D.I. 9 at 14–15.) The Court agrees.

Central to the interest of justice is the maintenance of sound judicial administration and the conservation of judicial resources. *Smithkline Corp.*, 406 F.Supp. at 55. It follows that suits involving the same legal and factual issues should be decided by one court and not permitted to proceed in two different courts simultaneously. *Pall Corp.*, 523 F.Supp. at 453; *Jacobs v. Tenney*, 316 F.Supp. 151, 169 (D.Del.1970). As stated by the Supreme Court: "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Continental Grain Co. v. Barge FBL–585*, 364 U.S. 19, 26 (1959).

Transferring this case to the District of New Jersey will promote these well founded principles. The issue in this case is only one piece of a much broader dispute, most of which is before the New Jersey Court. This case is based solely on the execution of the Note in conjunction with Woehling's purchase of a limited partnership share in Lakeside. (D.I. 1.) The New Jersey action is based on all of the transactions surrounding the sale of limited partnership shares of Lakeside. (D.I. 9 at Ex. 1.) The defendants in that action are Lakeside, Chrysler, and the general partners of Lakeside. (*Id.*) Woehling and Suresky are the only plaintiffs in that action to date, however, local counsel for Woehling has represented to this Court in a letter that twelve other Lakeside limited partners have verbally committed to join that action as plaintiffs. The complaint filed in the New Jersey action alleges that Woehling, Suresky, and the other Lakeside limited partners were fraudulently induced to purchase shares of Lakeside in violation of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78a–78kk (1981), the Racketeer Influenced and Corrupt Organizations Act, 18

U.S.C. §§ 1961–1968 (1984), and numerous New Jersey statutes.[6]  (D.I. 9 at Ex. 1.)

From the foregoing it is clear that this case is only a small segment of a larger and complicated dispute brought in the New Jersey court.  Accordingly, the Court finds that the interest of justice will be served best by transferring this case to the District of New Jersey so that one court can resolve the entire controversy.

The following benefits will accrue if this case is transferred and consolidated with the New Jersey action: (1) pretrial discovery can be conducted more efficiently; (2) the witnesses can be saved time and money; (3) duplicitous litigation can be avoided, thereby eliminating added expense to the parties and the public; and (4) inconsistent results can be avoided. *Smithkline Corp.*, 406 F.Supp. at 55–56; *Jacobs,* 316 F.Supp. at 169.

Based on the above, the Court finds that transferring this case to the District of New Jersey will further the convenience of the parties and the interest of justice. Woehling's motion to transfer this case to that district under section 1404(a) will, therefore, be granted.

Having determined that the case should be transferred to the District of New Jersey, it is unnecessary to consider Woehling's alternative contention that this case be stayed pending the outcome of the New Jersey action.

### CONCLUSION

For the reasons stated above, the Court will deny Woehling's motion to dismiss the case for lack of personal jurisdiction and proper venue, grant his motion to transfer this case under section 1404(a), and deny his motion to stay.

An order will be entered in accordance with this Memorandum Opinion.

---

**6.** Personal jurisdiction and venue are proper in the District of New Jersey over all of the defendants since the Securities Act and RICO Act both provide for nationwide service of process and venue. *See* 15 U.S.C. § 78aa; 18 U.S.C. § 1965.