Raymond J. TRACY and Terri Faye Tracy, husband and wife, Plaintiffs,

v.

CONSOLIDATED RAIL CORPORATION, a/k/a Conrail, a Pennsylvania corporation, Defendant.

Civ. A. No. 89–137–JLL.

United States District Court, D. Delaware.

Oct. 31, 1989.

Kevin M. Howard of Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, Del., for plaintiffs.

Somers S. Price, Jr., and Karen R. Lines of Potter, Anderson & Corroon, Wilmington, Del., for defendant.

## MEMORANDUM OPINION

LATCHUM, Senior District Judge.

Raymond Tracy and his wife, Terri, instituted this action seeking damages from Consolidated Rail Corporation ("Conrail"). The damages arise from an accident that took place on December 13, 1987, when a Conrail train struck the tractor-trailer Mr. Tracy was driving. After the Tracys filed the action in Delaware state court, Conrail removed the suit to this Court pursuant to 28 U.S.C. § 1441. Conrail now moves to transfer the action to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).[1]

Section 1404(a) states: "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Tracys could have brought their suit in the Eastern District of Pennsylvania. Transfer to Pennsylvania would not destroy diversity jurisdiction. See 28 U.S.C. § 1332. A diversity suit may be brought in the district in which all defendants reside. See 28 U.S.C. § 1391(a). The only defendant, Conrail, is a Pennsylvania corporation, and may be sued in any judi-

1. Neither party requested oral argument (Local Rule 3.1F) and the Court finds no necessity for oral argument as the parties' briefs have covered the issues adequately.

cial district in Pennsylvania. *See* 28 U.S.C. § 1391(c). Indeed, the Tracys do not dispute that their suit could have been brought in the proposed transferee district. This Court, therefore, has the authority to transfer this action, and the decision to transfer rests in the sound discretion of the Court.

■ The plaintiffs' choice of forum is of paramount importance in considering a motion to transfer venue § 1404. *See Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir.1970), *cert. denied*, 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971); *Willemijn Houdstermaatschaapij BV v. Apollo Computer, Inc.*, 707 F.Supp. 1429, 1436 (D.Del.1989). Conrail argues that the "home turf" exception, wherein a plaintiff's choice of forum is given less deference than usually accorded, is applicable to this case. The Court disagrees. Two factors must be analyzed under the home turf doctrine. *See Willemijn Houdstermaatschaapij*, 707 F.Supp. at 1436; *Chrysler Capital Corp. v. Woehling*, 663 F.Supp. 478, 482 (D.Del.1987). The first, an analysis of the plaintiffs' connection with their choice of venue, weighs in Conrail's favor. The Tracys are citizens of Virginia, and aside from the accident, have no connection to Delaware. The second criteria considers the relation of venue to subject matter. This factor forecloses the application of the home turf exception in this case. The accident occurred in Delaware and the negligence law of Delaware will control. Delaware is, therefore, related to the subject matter of the suit and the home turf exception is inapplicable. *See Willemijn Houdstermaatschaapij*, 707 F.Supp. at 706.

■■ Nevertheless, the Court concludes that Conrail has met its heavy burden of showing a clear case in favor of transfer. *See Shutte*, 431 F.2d at 25. All three statutory criteria weigh in favor of transferring venue to the Eastern District of Pennsylvania. The most significant of these factors is the interest of justice. *See Chrysler Capital Corp. v. Woehling*, 663 F.Supp. 478, 483 (D.Del.1987); *Derry Finance N.V. v. Christiana Companies, Inc.*, 555 F.Supp. 1043, 1046 (D.Del.1983); *Pall Corp. v. Bentley Laboratories, Inc.*, 523 F.Supp.

450, 453 (D.Del.1981); *Cinema Amusements, Inc. v. Loew's, Inc.*, 85 F.Supp. 319, 327 (D.Del.1949). In this case, there are three prior suits currently pending in the Eastern District of Pennsylvania based on the same accident. *See* Docket Item D.I. 6A at A–2, A–10, A–18. Mr. Tracy is either a defendant or third-party defendant in each of the suits. All three suits will focus on the alleged negligence of Conrail and Mr. Tracy, *see* D.I. A–3, A–7, A–10 to 11, A–18, and all have been assigned to Judge Waldman. The issues in the suit brought by the Tracys and the three Pennsylvania actions are identical. All four cases require a determination of Mr. Tracy's, Conrail's, and Conrail employees' negligence, and will necessarily consider the same testimony, exhibits, and legal arguments. The status of the three Eastern District cases are such that the pretrial proceedings of all four cases could be conducted jointly. Additionally, the Tracys will not be prejudiced by transfer because they have been represented by Pennsylvania counsel in connection with the pretrial proceedings conducted thus far in Pennsylvania.

The Supreme Court has held that § 1404 was designed to prevent the "waste of time, energy and money" resulting from duplicative litigation. *Continental Grain Co. v. Barge FBL–585*, 364 U.S. 19, 26, 80 S.Ct. 1470, 1474–75, 4 L.Ed.2d 1540 (1960); *see Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S.Ct. 805, 809, 11 L.Ed.2d 945 (1964). The interest of justice favors transferring a case to a jurisdiction where related matters are pending. *See Todd Shipyards Corp. v. Cunard Line Ltd.*, 708 F.Supp. 1440, 1447 (D.N.J.1989); *Sanyo Electric Trading Co. v. Masco Corp.*, 429 F.Supp. 1023, 1024 (D.Del.1977). The Court finds it would not be in the interest of justice for both the District of Delaware and the Eastern District of Pennsylvania to decide the same legal issues between the same parties based on the same factual circumstances.

The convenience of the witnesses also favors a transfer to the Eastern District of Pennsylvania. The Tracys point to only two witnesses who reside in Delaware. *See* D.I. 8 at 9. Were no other suits being litigated in Pennsylvania, these witnesses would suffer a *de minimis* inconvenience

by a transfer of the case thirty miles north. These witnesses must travel to Philadelphia for the three actions being tried there regardless of where the Tracys' action is heard. All witnesses involved will only benefit from a transfer to the Eastern District because they will be spared the burden of having to give the exact same testimony twice.

Finally, the convenience of the parties favor transfer. The Tracys live in Virginia and are already prepared to come to Wilmington. The short additional mileage to Philadelphia is not considered, by this Court, an inconvenience.[2] A transfer will, however, be more convenient for Conrail. Conrail will be involved in one less judicial proceeding, a significant boon, and will lose fewer hours of productive employee time.

The Court finds that all three criteria heavily favor transfer of this action to the Eastern District of Pennsylvania. Accordingly, Conrail's motion to transfer will be granted. An order accompanies this opinion.

---

**2.** The convenience of the Tracys' Delaware counsel is irrelevant to a motion for transfer under § 1404(a). *See Solomon v. Continental Life Insurance Co.,* 472 F.2d 1043, 1047 (3d Cir.1973); *Willemijn Houdstermaatschaapij,* 707 F.Supp. at 1437 n. 7; *Minstar, Inc. v. Laborde,* 626 F.Supp. 142, 146 n. 18 (D.Del.1985).