**REACH FINANCIAL SERVICES,**
**Plaintiff**

v.

**SC RESTAURANTS, INC., Brookes**
**J. Sang and Richard W. Sang,**
**Defendants.**

Civil Action No. 07C–06–136–JOH.

Superior Court of Delaware,
New Castle County.

Submitted: Sept. 14, 2007.
Decided: Dec. 28, 2007.

David A. Felice, Esquire, of Cozen O'Connor, Wilmington, DE, for plaintiff.

William P. Brady, Esquire, of Woloshin Lynch Natalie & Gagne, Wilmington, DE, for defendants.

## OPINION

HERLIHY, J.

Plaintiff Reach Financial, LLC has brought an action for over $840,000 in damages from defendants SC Restaurants, Inc., Brookes J. Sang, and Richard W. Sang. SC Restaurants is a California corporation which owns and operates a series of restaurants in that state. The Sangs are California residents. Reach is a Delaware entity but its principal place of business is in Connecticut.

It has moved for default judgment against each of the defendants for their failure to answer its complaint. When serving each of them with the complaint, Reach used a combination of certified mail and Federal Express. The defendants contend that for this Court to obtain personal jurisdiction over them, Reach had to comply with the various explicit steps of Delaware's Long–Arm Statute. One of those steps is that registered mail must be used. Reach's failure to use registered mail, the defendants argue, defeats this Court's jurisdiction.

The defendants are correct that Reach did not utilize registered mail which the Long–Arm Statute requires for service in order to get personal jurisdiction. In the contracts between these parties, however, they agreed Delaware law would apply and all consented to the jurisdiction of a state or federal court in Delaware in the event of a dispute. The contracts also provided the means by which the parties were to provide notice to each other and where. Reach adhered to those notice requirements. Based on the parties' consent to jurisdiction here and Reach's correct use of the contractual notice procedures, the

Court holds the defendants have been properly served and has personal jurisdiction over them. They have asked, in the event this Court so held, for time to answer the complaint, which is hereby given.

### Factual Background

The exact nature of Reach's action is not important to its motion for default judgment. Primarily, it appears to be based on a series of "Purchase Agreements" and other documents signed by Brookes Sang as President of SC Restaurants and also as owner. These "Agreements" are apparently a series of loans to SC Restaurants. They also are alleged to have made any "Owner" of SC Restaurants personally liable for any debts or defaults of the corporation. Reach contends Richard Sang is liable as he is a "partner." [1]

Each of the "Purchase Agreements" signed by Reach and Brookes Sang in his corporate and individual capacities contain the same provisions regarding Delaware law and consent to jurisdiction here and how the parties are to provide notice to each other:

(b) This Agreement shall be governed and construed in accordance with the laws of the State of Delaware, without regard to conflict of law provisions. The parties agree to submit to the jurisdiction of the Delaware state courts of any federal court sitting in the same of Delaware in the event of any dispute hereunder.

\* \* \* \*

(e) Any notice or other communication hereunder shall be made in writing and deemed given (a) three days after being deposited in the U.S. mail, first class, postage prepaid, or (b) when delivered by a nationally recognized overnight courier which provides confirmation of delivery, addressed to the Company at Soundview Drive, Greenwich, CT, 06830, or to Merchant or any Owner at the address set forth in the Merchant information Sheet. Any party may change its address to which notice is sent hereunder by providing written notice to the other parties in accordance herewith. [2]

Reach, when bringing this action, undertook the following steps:

1. On June 15, 2007, it sent a letter and a courtesy copy of the complaint to all of the defendants. It did so by Federal Express. They received it on June 18, 2007. [3]

2. On July 2, 2007, the Delaware Secretary of State was served and the Sheriff's return was docketed on July 16, 2007.

3. Reach sent a copy of the process and complaint to the defendants on July 16, 2007. These were sent by certified mail.

4. On July 30, 2007, Reach sent to each defendant a letter referring back to the June 15th communication and informing them that the Secretary of State had been served. Another

---

1. All of the documents attached to the complaint are signed by Brookes Sang as SC Restaurants President and by him as Owner. None of the documents attached to the complaint bear Richard Sang's signature. For purposes of this opinion only, the Court relies upon Reach's allegation that Richard Sang is a "partner." Insomuch as he is or was an "Owner" and "Owner's" provided person guarantees, he is bound by this Court's deci-

sion on the validity of how Reach obtained jurisdiction over him. Nothing in this opinion addresses or is meant to address the merits of any party's rights, duties, or obligations.

2. Complaint, Exhibit A, Paragraph 9.

3. Reach's Motion for Default Judgment, Exhibits A and B.

copy of the summons and complaint was enclosed with the letter.[4] The letter and enclosures were sent by Federal Express. The defendants received them on July 31, 2007.[5]

5. Reach received back from the Post Office on August 14, 2007, the certified mailings marked "unclaimed."

6. That same day, utilizing one of the provisions of the Long Arm statute, Reach filed the affidavit with these Post Office notices and an amended complaint.

### Discussion

Reach notes that in addition to using certified mail and Federal Express, it also undertook to provide notice and/or service using several provisions of Delaware's Long Arm Statute.[6] That statute provides the means to obtain personal jurisdiction over non-residents. To *procedurally* properly do so, the statute expressly requires at various stages the use of *registered* mail.[7] The notice/service requirements in the Long–Arm Statute are jurisdictional.[8] Because those specific service requirements must be strictly followed to obtain

personal jurisdiction, use of certified mail rather than registered mail defeats any effort to obtain Long–Arm jurisdiction.[9]

That statute, however, applies to a Delaware court obtaining personal jurisdiction over non-residents for certain specified acts done or performed in this State.[10] None of the activities described in Reach's complaint fall within any of those described in the statute. The result is that the mandated notice/service provisions of the Long-Arm Statute do not apply to Reach's cause of action.

But these parties agreed that the contracts would be governed by Delaware law and to submit their dispute to the jurisdiction of a state or federal court in this State. In the absence of a jurisdictional act under the Long Arm statute, parties including these parties, can constitutionally and otherwise agree to confer jurisdiction on this Court.[11] In the contractual language quoted above these defendants validly consented to the jurisdiction of this Court. These defendants do not argue that they did not.

---

**4.** *Id.*, Exhibit C.

**5.** *Id.*, Exhibit D.

**6.** 10 *Del. C.* § 3104.

**7.** *Id.*, at 3104(d)(g).

**8.** *Greenly v. Davis*, 486 A.2d 669, 671 (Del. 1984).

**9.** *Allen v. Reddish*, 2006 WL 1688121 (Del.Super.).

**10.** As to a cause of action brought by any person arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident, or a personal representative, who in person or through an agent:

   (1) Transacts any business or performs any character of work or service in the State;

   (2) Contracts to supply services or things in this State;

   (3) Causes tortious injury in the State by an act or omission in this State;

   (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State;

   (5) Has an interest in, uses or possesses real property in the State; or

   (6) Contracts to insure or act as surety for, or on, any person, property, formed within the State at the time the contract is made, unless the parties otherwise provide in writing. 10 *Del. C.* § 3104.

**11.** *Chrysler Capital Corp. v. Woehling*, 663 F.Supp. 478 (D.C.Del.1987).

The analysis cannot stop there. The defendants challenged Reach's motion on the basis that it had not adhered to the service requirements in the Long–Arm Statute. They have not challenged Reach's notice/service methods as inadequate under the contractual terms for notice. Even though they contractually consented to this Court's subject matter jurisdiction (again about which they have not raised any dispute), they still must receive appropriate notice. In this case, that method of notice is contractually specified. Those provisions mandated any notice to be done by First Class mail, not specifically certified mail, or by a "nationally recognized overnight courier." Perforce, Federal Express meets that requirement. In this case, Reach used such a carrier, as the contract required, to give notice to each defendant of this law suit. It followed the contractual notice requirements.

It is unclear from their argument how Reach could provide notice/service, other than utilizing the contractually specified means, when potential subject matter jurisdiction under the Long Arm Statute is not present. Since Reach followed the notice provisions set out in the parties' contracts, each defendant has been properly served and notified.[12]

Reach has moved for default judgment for failure of the defendants to answer its complaint. The defendants raised arguable issues about the sufficiency of service going to this Court's exercise of personal jurisdiction over them. This Court has now determined service was validly made and has that jurisdiction. To award default judgment is obviously unfair. Anticipating that the Court could reach this holding, the defendants asked for an appropriate amount of time in which to answer the complaint. That is fair. The defendants will have until January 28, 2008 to file their answers.

### Conclusion

For the reasons stated herein, plaintiff Reach Financial's motion for default judgment is **DENIED.**

---

12. *Hovde Acquisition, LLC v. Thomas*, 2002 WL 1271681 (Del.Ch.).